IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| FOREST LABORATORIES, INC., <br> FOREST LABORATORIES HOLDINGS, LTD., <br> MERZ PHARMA GMBH & CO. KGAA, and <br> MERZ PHARMACEUTICALS GMBH, <br><br> Plaintiffs, <br><br> v. <br><br> COBALT LABORATORIES INC., LUPIN PHARMACEUTICALS, INC., LUPIN LTD., ORCHID PHARMACEUTICALS INC., ORCHID CHEMICALS & PHARMACEUTICALS LTD. (d/b/a ORCHID HEALTHCARE), TEVA PHARMACEUTICALS USA, INC., UPSHER-SMITH LABORATORIES, INC., WOCKHARDT USA INC., and WOCKHARDT LIMITED, <br><br> Defendants. | C.A. No. 08-21-GMS |

## DEFENDANT ORCHID PHARMACEUTICALS INC.'S ANSWER

Defendant Orchid Pharmaceuticals, Inc. ("Orchid Pharma") hereby answers the Complaint of Plaintiffs Forest Laboratories, Inc., Forest Laboratories Holdings, Ltd., Merz Pharma GmbH & Co. KGaA, and Merz Pharmaceuticals GmbH ("Plaintiffs") as follows:

### PARTIES[1]

1.  Orchid Pharma lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 1 of the Complaint, and therefore denies the allegations of paragraph 1 on that basis.

---

[1] To facilitate the Court's comparison of the allegations in the Complaint and defendant's responses thereto, Orchid has incorporated modified Headings that appear in the Complaint. It should be understood, however, that Orchid does not necessarily agree with characterizations in such Headings and, indeed, does not waive any rights to object to such characterizations or their implications.

2. Orchid Pharma lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 2 of the Complaint, and therefore denies the allegations of paragraph 2 on that basis.

3. Orchid Pharma lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 3 of the Complaint, and therefore denies the allegations of paragraph 3 on that basis.

4. Orchid Pharma lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 4 of the Complaint, and therefore denies the allegations of paragraph 4 on that basis.

5. Orchid Pharma lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 5 of the Complaint, and therefore denies the allegations of paragraph 5 on that basis.

6. Orchid Pharma lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 6 of the Complaint, and therefore denies the allegations of paragraph 6 on that basis.

7. Orchid Pharma lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 7 of the Complaint, and therefore denies the allegations of paragraph 7 on that basis.

8. Orchid Pharma denies the allegations of paragraph 8 of the Complaint, except that Orchid Pharma admits that its is a Delaware corporation and a wholly-owned subsidiary of Defendant Orchid Chemicals & Pharmaceuticals Ltd.

9. Orchid Pharma denies the allegations of paragraph 9 of the Complaint, except that Orchid Pharma admits that Defendant Orchid Chemicals & Pharmaceuticals Ltd. is an Indian

corporation having a place of business at Orchid Towers, 313 Valluvar Kottam High Road, Nungambakkam, Chennai, Tamil Nadu 600 034 India and a place of business at Plot No. B3-B6 & B11-B14, SIPCOT Industrial Park, Irungattukottai, Sriperumbudur, Kancheepuram District, 602 105 India, and that Defendant Orchid Chemicals & Pharmaceuticals Ltd. manufactures generic drug products.

10. Orchid Pharma lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 10 of the Complaint, and therefore denies the allegations of paragraph 10 on that basis.

11. Orchid Pharma lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 11 of the Complaint, and therefore denies the allegations of paragraph 11 on that basis.

12. Orchid Pharma lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 12 of the Complaint, and therefore denies the allegations of paragraph 12 on that basis.

13. Orchid Pharma lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 13 of the Complaint, and therefore denies the allegations of paragraph 13 on that basis.

## NATURE OF THE ACTION

14. In responding to paragraph 14, Orchid Pharma admits that the Complaint purports to state claims for infringement of United States Patent No. 5,061,703 ("the '703 patent"), which are based upon the Patent Laws of the United States, 35 U.S.C. § 100 *et seq.*, but Orchid Pharma denies any liability or wrongdoing whatsoever.

## JURISDICTION AND VENUE

15. In responding to paragraph 15, Orchid Pharma admits that the Complaint alleges that this Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a), but Orchid Pharma denies any liability or wrongdoing whatsoever.

16. Orchid Pharma denies each and every allegation and/or legal conclusion contained in paragraph 16 of the Complaint.

17. Orchid Pharma lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 17 of the Complaint, and therefore denies the allegations of paragraph 17 on that basis.

18. Orchid Pharma lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 18 of the Complaint, and therefore denies the allegations of paragraph 18 on that basis.

19. Orchid Pharma lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 19 of the Complaint, and therefore denies the allegations of paragraph 19 on that basis.

20. Orchid Pharma admits that this Court has personal jurisdiction over Orchid Pharma because Orchid Pharma is a Delaware corporation. Orchid Pharma denies any remaining allegations in paragraph 20 of the Complain and denies any liability or wrongdoing whatsoever.

21. Orchid Pharma denies each and every allegation and/or legal conclusion contained in paragraph 21 of the Complaint.

22. Orchid Pharma lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 22 of the Complaint, and therefore denies the allegations of paragraph 22 on that basis.

23. Orchid Pharma lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 23 of the Complaint, and therefore denies the allegations of paragraph 23 on that basis.

24. Orchid Pharma lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 24 of the Complaint, and therefore denies the allegations of paragraph 24 on that basis.

25. Orchid Pharma lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 25 of the Complaint, and therefore denies the allegations of paragraph 25 on that basis.

26. Orchid Pharma denies the allegations of paragraph 26 of the Complaint, but with respect to itself admits that venue is proper in this judicial district pursuant to 28 U.S.C. § 1391.

## THE PATENT-IN-SUIT

27. Orchid Pharma admits that United States Patent No. 5,061,703, titled "Adamantane Derivatives in the Prevention and Treatment of Cerebral Ischemia," states on its face that it was issued by the United States Patent and Trademark Office. Orchid Pharma denies that the '703 patent was "duly and legally issued" by the United States Patent and Trademark Office. Orchid Pharma lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 27 of the Complaint, and therefore denies the remaining allegations of paragraph 27 on that basis.

28. Orchid Pharma lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 28 of the Complaint, and therefore denies the allegations of paragraph 28 on that basis.

29. Orchid Pharma lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 29 of the Complaint, and therefore denies the allegations of paragraph 29 on that basis.

30. Orchid Pharma admits that an ex parte reexamination certificate for the '703 patent indicates on its face that it was issued by PTO on November 7, 2006. Orchid Pharma lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 30 of the Complaint, and therefore denies the remaining allegations of paragraph 30 on that basis.

## ALLEGED ACTS GIVING RISE TO THIS ACTION

### Count I – Alleged Infringement of the '703 Patent by Defendant Cobalt

31. – 36. Orchid Pharma lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraphs 31-36 of the Complaint, and therefore denies the allegations of paragraphs 31-36 on that basis.

### Count II – Alleged Infringement of the '703 Patent by Defendants Lupin and Lupin Pharma

37. – 44. Orchid Pharma lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraphs 37-44 of the Complaint, and therefore denies the allegations of paragraphs 37-44 on that basis.

### Count III – Alleged Infringement of the '703 Patent by Defendants Orchid and Orchid Pharma

45. Orchid Pharma denies each and every allegation and/or legal conclusion contained in paragraph 45 of the Complaint.

46. Orchid Pharma lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 46 of the Complaint, and therefore denies them.

47.  Orchid Pharma denies each and every allegation and/or legal conclusion contained in paragraph 47 of the Complaint.

48.  Orchid Pharma denies each and every allegation and/or legal conclusion contained in paragraph 48 of the Complaint.

49.  Orchid Pharma each and every allegation and/or legal conclusion contained in paragraph 49 of the Complaint.

50.  Orchid Pharma denies that it was aware of the '703 patent prior to the filing date of ANDA No. 90-044. Orchid Pharma lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 50 of the Complaint, and therefore denies the allegations of paragraph 50 on that basis.

51.  Orchid Pharma denies each and every allegation and/or legal conclusion contained in paragraph 51 of the Complaint.

52.  Orchid Pharma denies each and every allegation and/or legal conclusion contained in paragraph 52 of the Complaint.

### Count IV – Infringement of the '703 Patent by Defendant Teva

53. – 58.  Orchid Pharma lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraphs 53-58 of the Complaint, and therefore denies the allegations of paragraphs 53-58 on that basis.

### Count V – Infringement of the '703 Patent by Defendant Upsher-Smith

59. – 64.  Orchid Pharma lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraphs 59-64 of the Complaint, and therefore denies the allegations of paragraphs 59-64 on that basis.

### Count VI – Infringement of the '703 Patent by Defendants Wockhardt and Wockhardt USA

65. – 72.   Orchid Pharma lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraphs 65-72 of the Complaint, and therefore denies the allegations of paragraphs 65-72 on that basis.

### RESPONSE TO PRAYER FOR RELIEF

73.   Orchid Pharma repeats and realleges its responses to the allegations in paragraphs 1 through 72 of the Complaint as though fully set forth herein. The "WHEREFORE" paragraphs following paragraph 72 of the Complaint state Plaintiffs' prayer for relief for which no response is required. To the extent a response is required, Orchid Pharma denies the allegations set forth in the "WHEREFORE" paragraphs and denies that Plaintiffs are entitled to any of the relief requested therein, or to any relief whatsoever.

### DEFENSES

### First Defense

### (Failure to State a Claim)

74.   Orchid Pharma repeats and realleges its responses to the allegations in paragraphs 1 through 73 of the Complaint as though fully set forth herein.

75.   Orchid Pharma did not participate in, contribute to, or otherwise aid in the preparation of ANDA No. 90-044 or in its submission to the FDA.

76.   Plaintiffs fail to state a claim against Orchid Pharma upon which relief may be granted. The allegations in the Complaint against Orchid Pharma should therefore be dismissed with prejudice.

### Second Defense

### (Non-infringement)

77. Orchid Pharma repeats and realleges its responses to the allegations in paragraphs 1 through 76 of the Complaint as though fully set forth herein.

78. Orchid Pharma does not infringe, has not infringed, and will not infringe (directly, indirectly, contributorily or by inducement) any valid and enforceable claim of the '703 patent.

### Third Defense

### (Invalidity)

79. Orchid Pharma repeats and realleges its responses to the allegations in paragraphs 1 through 78 of the Complaint as though fully set forth herein.

80. On information and belief, each and every claim of the '703 patent is invalid and void for failure to meet the requirements of Title 35, United States Code, including, *inter alia*, §§ 101, 102, 103, 112, 132, and 305.

Respectfully submitted,

OF COUNSEL:

POTTER ANDERSON & CORROON LLP

Kenneth G. Schuler
LATHAM & WATKINS LLP
Sears Tower, Suite 5800
233 South Wacker Drive
Chicago, IL 60606
Tel: (312) 876-7700
kenneth.schuler@lw.com

By: */s/ Richard L. Horwitz*
    Richard L. Horwitz (#2246)
    David E. Moore (#3983)
    Hercules Plaza, 6th Floor
    1313 N. Market Street
    Wilmington, Delaware 19801
    Tel: (302) 984-6000
    rhorwitz@potteranderson.com
    dmoore@potteranderson.com

Terrence J. Connolly
LATHAM & WATKINS LLP
885 Third Avenue, Suite 1000
New York, NY 10022-4834
Tel: (212) 906-1200
terrence.connolly@lw.com

*Attorneys for Defendants
Orchid Pharmaceuticals Inc., and
Orchid Chemicals & Pharmaceuticals Ltd.*

Darryl H. Steensma
LATHAM & WATKINS LLP
12636 High Bluff Drive, Suite 300
San Diego, CA 92130
Tel: (858) 523.5400
darryl.steensma@lw.com

Dated: March 3, 2008
852229 / 32657

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

**CERTIFICATE OF SERVICE**

I, Richard L. Horwitz, hereby certify that on March 3, 2008, the attached document was electronically filed with the Clerk of the Court using CM/ECF which will send notification to the registered attorney(s) of record that the document has been filed and is available for viewing and downloading.

I further certify that on March 3, 2008, the attached document was Electronically Mailed to the following person(s):

Jack B. Blumenfeld
Maryellen Noreika
Morris, Nichols, Arsht & Tunnell LLP
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
jblumenfeld@mnat.com
mnoreika@mnat.com

*Attorneys for Plaintiffs*

John M. Desmarais
Gerald J. Flattmann, Jr.
Melanie R. Rupert
Kirkland & Ellis, L.L.P.
Citigroup Center
153 E. 53rd Street
New York, NY 10022
jdesmarais@kirkland.com
gflattmann@kirkland.com
mrupert@kirkland.com

*Attorneys for Plaintiffs*

F. Dominic Cerrito
Daniel L. Malone
Eric C. Stops
Jones Day
222 East 41st Street
New York, NY 10017
fdcerrito@jonesday.com
dlmalone@jonesday.com
estops@jonesday.com

*Attorneys for Plaintiffs*

Richard K. Herrmann
Mary Matterer
Amy A. Quinlan
Morris James LLP
500 Delaware Avenue, Suite 1500
Wilmington, DE 19899
rherrmann@morrisjames.com
mmatterer@morrisjames.com
aquinlan@morrisjames.com

*Attorneys for Defendant Cobalt Laboratories, Inc.*

William A. Rakoczy
Paul J. Molino
Deanne M. Mazzochi
Neil A. Benchell
John Polivick
Rakoczy Molino Mazzochi Siwik LLP
6 West Hubbard Street, Suite 500
Chicago, IL 60610
wrakoczy@rmmslegal.com
pmolino@rmmslegal.com
dmazzochi@rmmslegal.com
nbenchell@rmmslegal.com
jpolivick@rmmslegal.com

*Attorneys for Defendant Cobalt Laboratories, Inc.*

Douglass C. Hochstetler
Sailesh K. Patel
Schiff Hardin LLP
6600 Sears Tower
Chicago, IL 60606
dhochstetler@schiffhardin.com
spatel@schiffhardin.com

*Attorneys for Defendants Lupin Pharmaceuticals, Inc. and Lupin Ltd.*

Joseph Grey
Thomas G. Whalen, Jr.
Stevens & Lee, P.C.
1105 North Market Street, 7th Floor
Wilmington, DE 19801
jg@stevenslee.com
tgw@stevenslee.com

*Attorneys for Defendant Teva Pharmaceuticals USA, Inc.*

Richard D. Kirk
Ashley B. Stitzer
Bayard, P.A.
222 Delaware Ave., Suite 900
Wilmington, DE 19899
rkirk@bayardfirm.com
astitzer@bayardfirm.com

*Attorneys for Defendants Lupin Pharmaceuticals, Inc. and Lupin Ltd.*

D. Christopher Ohly
Schiff Hardin LLP
1666 K. Street, N.W., Suite 300
Washington, D.C. 20036
dcohly@schiffhardin.com

*Attorneys for Defendants Lupin Pharmaceu Inc. and Lupin Ltd.*

Steven J. Lee
Sheila Mortazavi
Merri C. Moken
Peter L. Giunta
Kenyon & Kenyon LLP
One Broadway
New York, NY 10004
slee@kenyon.com
smortazavi@kenyon.com
mmoken@kenyon.com
pgiunta@kenyon.com

*Attorneys for Defendant Teva Pharmaceutica USA, Inc.*

Frederick Cottrell
Anne Shea Gaza
Richards, Layton & Finger
One Rodney Square
920 N. King Street
Wilmington, DE 19899
cottrell@rlf.com
agaza@rlf.com

*Attorneys for Defendant Upsher-Smith Laboratories Inc.*

Jake M. Holdreith
Robins, Kaplan, Miller & Ciresi L.L.P.
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402
jmholdreith@rkmc.com

*Attorneys for Defendant Upsher-Smith Laboratories Inc.*

David E. Marder
Yixin H. Tang
Robins, Kaplan, Miller & Ciresi L.L.P.
Prudential Tower, 25th Floor
800 Boylston Street
Boston, MA 02199
demarder@rkmc.com
yhtang@rkmc.com

*Attorneys for Defendant Upsher-Smith Laboratories Inc.*

Jeffrey L. Moyer
Kelly E. Farnan
Richards, Layton & Finger
One Rodney Square
920 N. King Street
Wilmington, DE 19899
Moyer@rlf.com
Farnan@rlf.com

*Attorneys for Defendants Wockhardt USA Inc Wockhardt Limited*

/s/ Richard L. Horwitz
Richard L. Horwitz
Kenneth L. Dorsney
Potter Anderson & Corroon LLP
Hercules Plaza – Sixth Floor
1313 North Market Street
P.O. Box 951
Wilmington, DE 19899-0951
(302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

843476 / 32546