**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| FOREST LABORATORIES, INC.,<br>FOREST LABORATORIES HOLDINGS, LTD.,<br>MERZ PHARMA GMBH & CO. KGAA, and<br>MERZ PHARMACEUTICALS GMBH, | )<br>)<br>)<br>)<br>) | |
| Plaintiffs, | )<br>) | |
| v. | )<br>) | C.A. No. 08-021-GMS-LPS |
| COBALT LABORATORIES INC., LUPIN<br>PHARMACEUTICALS, INC., LUPIN LTD.,<br>ORCHID PHARMACEUTICALS INC.,<br>ORCHID CHEMICALS & PHARMACEUTICALS<br>LTD. (d/b/a ORCHID HEALTHCARE), TEVA<br>PHARMACEUTICALS USA, INC., UPSHER-<br>SMITH LABORATORIES, INC., WOCKHARDT<br>USA INC., and WOCKHARDT LIMITED, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | |
| Defendants. | ) | |

**ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS OF**
**DEFENDANTS WOCKHARDT USA INC., and WOCKHARDT LIMITED**

Defendant Wockhardt USA Inc. and Wockhardt Limited (collectively referred to as "Wockhardt"), as its Answer to the Complaint filed by Forest Laboratories, Inc., Forest Laboratories Holdings, Ltd., Merz Pharma GmbH & Co. KGaA, and Merz Pharmaceuticals GmbH (collectively "Plaintiffs"), states as follows:

**PARTIES**

1.      Wockhardt is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the Plaintiffs' Complaint and therefore denies them.

RLF1-3259153-1

2.    Wockhardt is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the Plaintiffs' Complaint and therefore denies them.

3.    Wockhardt is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of the Plaintiffs' Complaint and therefore denies them.

4.    Wockhardt is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of the Plaintiffs' Complaint and therefore denies them.

5.    Wockhardt is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of the Plaintiffs' Complaint and therefore denies them.

6.    Wockhardt is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of the Plaintiffs' Complaint and therefore denies them.

7.    Wockhardt is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of the Plaintiffs' Complaint and therefore denies them.

8.    Wockhardt is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the Plaintiffs' Complaint and therefore denies them.

RLF1-3259153-1

9.      Wockhardt is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the Plaintiffs' Complaint and therefore denies them.

10.     Wockhardt is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the Plaintiffs' Complaint and therefore denies them.

11.     Wockhardt is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of the Plaintiffs' Complaint and therefore denies them.

12.     Defendant Wockhardt USA admits that it is a wholly-owned subsidiary of Wockhardt EU Operations (Swiss) AG, which, in turn, is a wholly-owned subsidiary of Wockhardt Limited.  Wockhardt USA further admits that it is a corporation organized and existing under the laws of the State of Delaware and has a place of business at 135 Route 202/206, Bedminster, New Jersey, 07921.  Wockhardt denies all remaining allegations contained in paragraph 12 of the Plaintiff's Complaint.

13.     Defendant Wockhardt Limited admits that it is an Indian corporation having a principal place of business at Wockhardt Towers, Bandra-Kurla Complex, Bandra (East), Mumbai, Maharashtra 400 051, India.  Wockhardt Limited admits that it manufactures generic drugs for sale and use throughout the United States, including this judicial district.  Wockhardt Limited lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 13 of the Plaintiffs' Complaint and therefore denies them.

RLF1-3259153-1

## NATURE OF THE ACTION

14.    Wockhardt admits that the Complaint purports to state a cause of action under the United States patent laws, 35 U.S.C. § 100 *et seq* for infringement of United States Patent No. 5,061,703 ("the '703 patent").    Wockhardt denies the remaining allegations contained in paragraph 14 of the Plaintiffs' Complaint.

## JURISDICTION AND VENUE

15.    Admitted.

16.    Wockhardt admits that this Court has personal jurisdiction over defendants Wockhardt Limited and Wockhardt USA Inc. solely for purposes of this action.    Wockhardt lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 16 of the Plaintiffs' Complaint and therefore denies the same.

17.    Wockhardt is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 of the Plaintiffs' Complaint and therefore denies them.

18.    Wockhardt is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18 of the Plaintiffs' Complaint and therefore denies them.

19.    Wockhardt is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19 of the Plaintiffs' Complaint and therefore denies them.

20.    Wockhardt is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20 of the Plaintiffs' Complaint and therefore denies them.

RLF1-3259153-1

21.    Wockhardt is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21 of the Plaintiffs' Complaint and therefore denies them.

22.    Wockhardt is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22 of the Plaintiffs' Complaint and therefore denies them.

23.    Wockhardt is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 23 of the Plaintiffs' Complaint and therefore denies them.

24.    Admitted.

25.    Defendant Wockhardt Limited admits that this Court has personal jurisdiction over it solely for purposes of this action, but denies the remaining allegations of paragraph 25 of the Plaintiffs' Complaint.

26.    Paragraph 26 of the Complaint states a legal conclusion to which no response is required.  To the extent a response is required, Wockhardt admits that venue is proper in this District for this action only.

## THE PATENT-IN-SUIT

27.    Wockhardt admits that the '703 patent is entitled "Adamantane Derivatives in the Prevention and Treatment of Cerebral Ischemia" and that it is dated October 29, 1991. Wockhardt is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 27 of the Plaintiffs' Complaint.

RLF1-3259153-1

28.     Wockhardt is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 28 of the Plaintiffs' Complaint and therefore denies them.

29.     Wockhardt is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 29 of the Plaintiffs' Complaint and therefore denies them.

30.     Wockhardt admits that on August 18, 2004, Merz Pharma GmbH & KGaA submitted a request to the PTO for reexamination of the '703 patent and that the PTO issued a reexamination certificate for the '703 patent on November 7, 2006.  Wockhardt is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 30 of the Plaintiffs' Complaint and therefore denies them.

## ACTS GIVING RISE TO THIS ACTION

### Count 1 - Infringement Of The '703 Patent By Defendant Cobalt

31.     Wockhardt is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 31 of the Plaintiffs' Complaint and therefore denies them.

32.     Wockhardt is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 32 of the Plaintiffs' Complaint and therefore denies them.

33.     Wockhardt is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 33 of the Plaintiffs' Complaint and therefore denies them.

34.     Wockhardt is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 34 of the Plaintiffs' Complaint and therefore denies them.

35.     Wockhardt is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 35 of the Plaintiffs' Complaint and therefore denies them.

36.     Wockhardt is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 36 of the Plaintiffs' Complaint and therefore denies them.

## Count II - Infringement Of The '703 Patent by Defendants Lupin And Lupin Pharma

37.     Wockhardt is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 37 of the Plaintiffs' Complaint and therefore denies them.

38.     Wockhardt is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 38 of the Plaintiffs' Complaint and therefore denies them.

39.     Wockhardt is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 39 of the Plaintiffs' Complaint and therefore denies them.

40.     Wockhardt is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 40 of the Plaintiffs' Complaint and therefore denies them.

41.     Wockhardt is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 41 of the Plaintiffs' Complaint and therefore denies them.

42.     Wockhardt is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 42 of the Plaintiffs' Complaint and therefore denies them.

43.     Wockhardt is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 43 of the Plaintiffs' Complaint and therefore denies them.

44.     Wockhardt is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 44 of the Plaintiffs' Complaint and therefore denies them.

### Count III - Infringement Of The '703 Patent By Defendants Orchid And Orchid Pharma

45.     Wockhardt is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 45 of the Plaintiffs' Complaint and therefore denies them.

46.     Wockhardt is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 46 of the Plaintiffs' Complaint and therefore denies them.

47.     Wockhardt is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 47 of the Plaintiffs' Complaint and therefore denies them.

RLF1-3259153-1

48.     Wockhardt is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 48 of the Plaintiffs' Complaint and therefore denies them.

49.     Wockhardt is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 49 of the Plaintiffs' Complaint and therefore denies them.

50.     Wockhardt is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 50 of the Plaintiffs' Complaint and therefore denies them.

51.     Wockhardt is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 51 of the Plaintiffs' Complaint and therefore denies them.

52.     Wockhardt is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 52 of the Plaintiffs' Complaint and therefore denies them.

## Count IV - Infringement Of The '703 Patent By Defendant Teva

53.     Wockhardt is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 53 of the Plaintiffs' Complaint and therefore denies them.

54.     Wockhardt is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 54 of the Plaintiffs' Complaint and therefore denies them.

55.    Wockhardt is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 55 of the Plaintiffs' Complaint and therefore denies them.

56.    Wockhardt is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 56 of the Plaintiffs' Complaint and therefore denies them.

57.    Wockhardt is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 57 of the Plaintiffs' Complaint and therefore denies them.

58.    Wockhardt is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 58 of the Plaintiffs' Complaint and therefore denies them.

### Count V - Infringement Of The '703 Patent by Defendant Upsher-Smith

59.    Wockhardt is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 59 of the Plaintiffs' Complaint and therefore denies them.

60.    Wockhardt is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 60 of the Plaintiffs' Complaint and therefore denies them.

61.    Wockhardt is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 61 of the Plaintiffs' Complaint and therefore denies them.

RLF1-3259153-1

62.    Wockhardt is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 62 of the Plaintiffs' Complaint and therefore denies them.

63.    Wockhardt is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 63 of the Plaintiffs' Complaint and therefore denies them.

64.    Wockhardt is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 64 of the Plaintiffs' Complaint and therefore denies them.

### Count VI - Infringement of The '703 Patent by Defendants Wockhardt Limited and Wockhardt USA

65.    Wockhardt admits that Wockhardt Limited submitted an Abbreviated New Drug Application ("ANDA") to the FDA under §505(j) of the Federal Food, Drug and Cosmetic Act (21 U.S.C. §355(j)) seeking approval for the commercial manufacture, use and sale of memantine hydrochloride tablets, 5 mg and 10 mg dosage strengths ("Wockhardt ANDA Products"). Wockhardt denies the remaining allegations contained in paragraph 65 of the Plaintiffs' Complaint.

66.    Wockhardt admits that its ANDA contained a certification pursuant to 21 U.S.C. §355(j)(2)A)(vii)(IV) that to the best of its knowledge, no valid claim of the '703 patent would be infringed by the commercial manufacture, use or sale of the Wockhardt ANDA Products. Wockhardt is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 66 of the Plaintiffs' Complaint and therefore denies the same.

67.    Denied.

68.    Denied.

-11-

69.     Denied.

70.     Admitted.

71.     Denied.

72.     Denied.

## WOCKHARDT'S PRAYER FOR RELIEF

Wockhardt denies that the Plaintiffs are entitled to any aspect of the judgment they seek.

## DEFENSES

Wockhardt asserts the following defenses, reserving the right to supplement or amend these defenses as discovery proceeds.

## FIRST DEFENSE
(Non-infringement of '703 Patent)

73.     Wockhardt does not infringe, has not infringed, and does not and has not induced infringement or contributed to infringement of the '703 patent-in-suit, either literally or under the doctrine of equivalents.

## SECOND DEFENSE
(Estoppel/Disclaimer of Claim Scope)

74.     Plaintiffs are estopped from asserting any scope for one or more of the claims of the '703 patent that would cover Wockhardt's ANDA Products because of amendments, representations, assertions, disclaimers and/or admissions made during the course of proceedings in the United States Patent and Trademark Office ("PTO") during prosecution of the application leading to the issuance of the '703 patent and/or the reexamination certificate.

RLF1-3259153-1

## THIRD DEFENSE
(Estoppel)

75.    To the extent not encompassed by Wockhardt's Second Defense, Plaintiffs' are estopped from construing the claims of the '703 patent to cover and include Wockhardt's ANDA Products.

## FOURTH DEFENSE
(Invalidity of '703 Patent)

76.    Each and every claim of the '703 patent is invalid for failure to meet the statutory requirements of Title 35 of the United States Code, including, but not limited to, the failure to comply with one or more of the requirements of 35 U.S.C. §§ 101, 102, 103, 112, and/or 305.

## FIFTH DEFENSE
(Invalidity and Unenforceability of '703 Patent)

77.    Each and every claim of the '703 patent is invalid for failing to meet judicially-created requirements for patentability and enforceability of patents.

## WOCKHARDT'S COUNTERCLAIMS

Defendants/Counterclaimants Wockhardt Limited and Wockhardt USA Inc. ("Wockhardt") hereby allege the following counterclaims against Plaintiff/Counterdefendant Forest Laboratories Inc., Forest Laboratories Holdings Ltd., Merz Pharma GmbH & Co. KGaA and Merz Pharmaceuticals GmbH (hereinafter collectively referred to as "Forest"), for declaratory judgment that U.S. Patent No. 5,061,703 is invalid, unenforceable, and/or not infringed by the memantine hydrochloride tablets, 5 mg and 10 mg dosage strengths ("Wockhardt ANDA Products") described in Wockhardt's Abbreviated New Drug Application ("ANDA") and associated drug master file(s).

## PARTIES, JURISDICTION AND VENUE

78.    Defendant and Counterclaimant Wockhardt Limited is a corporation organized and existing under the laws of India, having a principal place of business at Wockhardt Tower, Bandra-Kurla Complex, Bandra (East), Mumbai, Maharashtra 400 051, India.   Defendant and Counterclaimant Wockhardt USA is a wholly-owned subsidiary of Wockhardt EU Operations (Swiss) AG, which, in turn, is a wholly-owned subsidiary of Wockhardt Limited.   Wockhardt USA is a corporation organized and existing under the laws of the State of Delaware and has a place of business at 135 Route 202/206, Bedminster, New Jersey, 07921.

79.    Forest Laboratories, Inc. is a Delaware Corporation having a principal place of business at 909 Third Avenue, New York, New York, 10022.

80.    Forest Laboratories Holdings, Ltd. Is an Irish corporation having a principal place of business at Milner House, 18 Parliament Street, Hamilton JM11, Bermuda.

81.    Merz Pharma GmbH & Co. KGaA is a German corporation having a principal place of business at Eckenheimer Landstraße 100, D-60318 Frankfurt am Main, Germany.

82.    Merz Pharmaceuticals GmbH is a German corporation having a principal place of business at Eckenheimer Landstraße 100, D-60318 Frankfurt am Main, Germany.

83.    This Court has subject matter jurisdiction over these counterclaims pursuant to 28 U.S.C. §§1331, 1338(a), 1367(a), 2201 and 2202, and 35 U.S.C. §1, *et seq.*

84.    Forest and Merz have submitted to the personal jurisdiction of this Court.

85.    Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 and 1400 and because this suit was filed in this district by the Plaintiffs.

RLF1-3259153-1

## THE CONTROVERSY

86.    This is an action based on an actual controversy between Wockhardt Limited and Wockhardt USA Inc ("Wockhardt") and Forest concerning the invalidity and/or noninfringement of the '703 patent-in-suit, and Wockhardt's right to continue to seek approval of its ANDA for its Wockhardt ANDA Products, and upon approval by the FDA, to manufacture, use, sell and offer to sell and import into the United States its Wockhardt ANDA Products.

87.    United States Patent No. 5,061,703 (the "703 patent") is entitled "Adamantane Derivatives in the Prevention and Treatment of Cerebral Ischemia," bears an issue date from the United States Patent and Trademark Office of October 29, 1991, lists "Merz + Co. GmbH & Co." as the assignee, and lists Joachim Bormann, Markus Gold and Wolfgang Schatton as inventors.

88.    Forest has represented that one or more claims of the '703 patent covers the compound memantine hydrochloride.  Forest has represented that it currently markets and sells a product containing memantine hydrochloride under the brand name Namenda®.

89.    Wockhardt has submitted, and is continuing to seek FDA approval of an ANDA directed to products containing memantine hydrochloride, and approval to engage in the commercial manufacture, use, offer for sale and importation into the United States, its proposed tablet products under that ANDA, which Forest alleges infringes the '703 patent.-in-suit.

90.    On December 14, 2007, Wockhardt notified Forest that it had submitted to FDA its ANDA directed to its Wockhardt ANDA Products, and stated that the manufacture, use, offer for sale, sale or importation of its Wockhardt ANDA Products would not infringe any valid claim of Forest's '703 patent.

RLF1-3259153-1

91.    Wockhardt also notified Forest of its intent to commercialize its Wockhardt ANDA Products immediately upon FDA approval of its ANDA. Wockhardt made an offer of confidential access to Forest under 21 U.S.C.§ 355(j)(5)(C), offering to provide its ANDA No. 90-073 to Forest. Forest filed this suit on January 10, 2008.

92.    Wockhardt has undertaken substantial efforts in developing and seeking approval for its proposed Wockhardt ANDA Products set forth in its ANDA.

93.    In view of the foregoing, an actual justiciable controversy exists by virtue of Wockhardt's notification to Forest of its ANDA filing, Wockhardt's Offer of Confidential Access under 21 U.S.C.§ 355(j)(5)(C), and Forest's subsequent filing of the present suit.

## COUNTERCLAIM I
### (Noninfringement of the '703 Patent)

94.    Wockhardt repeats and realleges paragraphs 78-93 above as if fully set forth herein.

95.    Wockhardt has not manufactured, used, sold, or offered for sale in the United States, or imported into the United States, any products that infringe any valid claim of the '703 patent, either literally or under the doctrine of equivalents.

96.    Wockhardt's ANDA Products do not infringe any valid claim of the '703 patent and Wockhardt does not and has not induced infringement or contributed to infringement of any valid claim of the '703 patent, either literally or under the doctrine of equivalents.

97.    Forest is estopped from asserting any scope for one or more of the claims of the '703 patent which would cover Wockhardt's ANDA Products because of amendments, representations, assertions, disclaimers and/or admissions made during the course of proceedings in the United States Patent and Trademark Office ("PTO") during prosecution of the applications leading to the issuance of the '703 patent application.

## COUNTERCLAIM II
### (Invalidity and Unenforceability of the '703 Patent)

98.     Wockhardt repeats and realleges paragraphs 78-97 above as if fully set forth herein.

99.     Each and every claim of the '703 patent is invalid for failure to meet the statutory requirements of Title 35 of the United States Code, including, but not limited to, the failure to comply with one or more of the requirements of 35 U.S.C. §§ 101, 102, 103, 112, and/or 305.

100.    Each and every claim of the '703 patent is invalid for failing to meet judicially-created requirements for patentability and enforceability of patents.

## DEMAND FOR JUDGMENT

WHEREFORE, Wockhardt USA Inc. and Wockhardt Limited pray for the following relief:

(1)     That any and all relief requested by Forest, as set forth in the Prayer of Relief of the Complaint, be denied and that the Complaint be dismissed with prejudice;

(2)     That a judgment be entered declaring that Wockhardt USA Inc. and Wockhardt Limited has not and does not infringe any claim of U.S. Patent No. 5,061,703;

(3)     That a judgment be entered declaring all claims of U.S. Patent No. 5,061,703 invalid and/or unenforceable;

(4)     That an Order be entered requiring Plaintiffs to delist the '703 patent from The Orange Book and that the patent information therein be corrected for Namenda® brand memantine hydrochloride tablets pursuant to 21 U.S.C. §355(c)(3)(D)(ii)(I)(bb);

(5)     That Wockhardt Limited has a lawful right to seek and obtain FDA approval of its ANDA for its Wockhardt ANDA Products, and that based on the noninfringement, invalidity and/or unenforceability of U.S. Patent No. 5,061,703, Wockhardt Limited has a

right to import, manufacture, use, offer for sale and sell its proposed memantine hydrochloride tablet products once approved by FDA;

(6)     That Forest, its officers, agents, servants, employees and attorneys, and those persons in active concert or participation with them, be preliminarily and permanently enjoined from threatening or initiating further infringement litigation against Wockhardt USA Inc. and Wockhardt Limited or any of its customers, dealers or suppliers, or any prospective sellers, dealers, distributors or customers of Wockhardt, or charging any of them either orally or in writing with infringement of U.S. Patent No. 5,061,703;

(7)     That a judgment be entered declaring this case to be exceptional within the meaning of 35 U.S.C. §285 and that Wockhardt USA Inc. and Wockhardt Limited are entitled to recover their reasonable attorneys' fees upon prevailing in this action;

(8)     That Wockhardt USA Inc. and Wockhardt Limited be awarded costs, attorneys' fees and other relief, both legal and equitable, to which they may be justly entitled; and

(9)     That Wockhardt USA Inc. and Wockhardt Limited be awarded such other relief as this Court deems just and proper.


OF COUNSEL:

Michael Dzwonczyk
Mark Boland
Chid Iyer
Sughrue Mion, PLLC
2100 Pennsylvania Avenue, N.W.
Washington, D.C. 20037
(202) 293-7060


Dated: March 3, 2008

*Kelly E. Farnan*
Jeffrey L. Moyer (#3309)
Moyer@rlf.com
Kelly E. Farnan (#4395)
Farnan@rlf.com
Richards, Layton & Finger, P.A.
One Rodney Square
920 North King Street
Wilmington, DE 19801
302-651-7700
*Attorneys for Defendants Wockhardt USA Inc. and Wockhardt Limited*

RLF1-3259153-1

## UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 3, 2008, I electronically filed the foregoing document with the Clerk of Court using CM/ECF and caused the same to be served on the defendant at the addresses and in the manner indicated below:

**HAND DELIVERY and E-MAIL:**

Jack B. Blumenfeld
Maryellen Noreika
Morris, Nichols, Arsht & Tunnell
1201 North Market Street
P. O. Box 1347
Wilmington, DE   19899

Mary Matterer
Morris James LLP
500 Delaware Avenue
Suite 1500
Wilmington, DE   19801

Frederick L. Cottrell, III
Anne Shea Gaza
Richards, Layton & Finger
One Rodney Square
920 North King Street
P. O. Box 551
Wilmington, DE  19899

Joseph Grey
Stevens & Lee
1105 North Market Street
7th Floor
Wilmington, DE 19801

Richard D. Kirk
Bayard, P.A.
222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, DE 19899

Richard L. Horwitz
Potter Anderson & Corroon, LLP
1313 N. Market St., Hercules Plaza, 6th Flr.
P.O. Box 951
Wilmington, DE 19899-0951

*Kelly E. Farnan*
Kelly E. Farnan  (#4395)