**Potter Anderson & Corroon LLP**

1313 North Market Street
P.O. Box 951
Wilmington, DE 19899-0951
302 984-6000

www.potteranderson.com

Richard L. Horwitz
Partner
Attorney at Law
rhorwitz@potteranderson.com
302 984-6027 Direct Phone
302 658-1192 Fax

April 8, 2008

**VIA ELECTRONIC FILING**

The Honorable Leonard P. Stark
United States District Court
  for the District of Delaware
844 N. King Street
Wilmington, Delaware 19801

    Re:   *Forest Laboratories Inc. v. Cobalt Laboratories Inc., et al.,*
           C.A. No. 08-21-GMS-LPS

Dear Magistrate Judge Stark:

    Pursuant to the Court's April 3, 2008 Order, defendants Orchid Chemicals & Pharmaceuticals Ltd. ("Orchid India") and Orchid Pharmaceuticals Inc. ("Orchid Delaware") submit this letter seeking the Court's assistance in resolving the parties' impasse regarding the terms and scope of jurisdictional discovery.

    Plaintiffs filed a Complaint on January 10, 2008 alleging that Orchid India and Orchid Delaware (collectively "Orchid") infringed U.S. Patent No. 5,061,703 by submitting an Abbreviated New Drug Application ("ANDA") for memantine hydrochloride tablets. Orchid Delaware filed an answer denying involvement in any activities giving rise to the alleged cause of action, *i.e.*, preparing and submitting the accused ANDA. Indeed, Orchid Delaware is a holding company that has no employees or revenues, and takes no corporate actions which could be attributed to Orchid India.

    Orchid India moved to dismiss the complaint pursuant to Rule 12(b)(2) for lack of personal jurisdiction on the grounds that the company has insufficient contacts with Delaware to satisfy the state's long-arm statute and/or the requirements of due process. That motion is presently pending before the Court.

    Following discussions amongst counsel, the parties filed a stipulation regarding jurisdictional discovery that permitted Plaintiffs additional time to respond to the motion to dismiss. The parties further stipulated that the terms and scope of jurisdictional discovery would be set forth in a separate agreement. However, the parties are at an impasse concerning the terms and scope of the jurisdictional discovery.

The Honorable Leonard P. Stark
April 8, 2008
Page 2

      Orchid's Motion to Dismiss argues that the Court lacks personal jurisdiction over Orchid India because the company has insufficient contacts with Delaware to satisfy the state's long-arm statute or the requirements of due process. Orchid contends that there is no "specific" jurisdiction because no allegedly tortious act took place in the state nor has any injury been inflicted within the state. *See* 10 Del. C. § 3104 and *Orchid India's Opening Brief In Support Of Its Rule 12(B)(2) Motion* at pages 8-10. During the discussions regarding the scope of jurisdictional discovery, Orchid asked counsel for the Plaintiffs to confirm that they do not plan to contest this aspect of Orchid's motion. Counsel for the Plaintiffs stated that they were not prepared to do so.

      Accordingly, Orchid seeks limited discovery of Plaintiffs regarding whether or not there has been any alleged injury to Plaintiffs in Delaware. Orchid respectfully submits that such discovery is plainly relevant to the question of whether jurisdiction exists pursuant to Delaware's long-arm statute. *See* 10 Del. C. § 3104 and *Orchid India's Opening Brief In Support Of Its Rule 12(B)(2) Motion* at pages 9-10. For patent infringement, the situs of the injury is deemed to be the location of the patent holder's principal place of business. *See, e.g., Applied Biosystems, Inc. v. Cruachem, Ltd.*, 772 F. Supp. 1458, 1468 (D.Del. 1991); *Foster Wheeler Energy Corp. v. Metallgesellschaft AG*, C.A. No. 91-214-SLR, 1993 WL 669447, at *5 (D.Del. Jan. 4, 1993) (finding that any alleged injury would occur in New Jersey, the site of the plaintiff's principal place of business, and not in Delaware, the state of incorporation). Although the apparent owners of the asserted patent appear to be German corporations with their principal places of business in Germany, and the apparent exclusive licensees appear to have their principal places of business in New York, the fact remains that the Plaintiffs refused Orchid's request to confirm that they will not make any argument otherwise. Orchid does not deny that the Plaintiffs are entitled to limited discovery regarding Orchid India's lack of contacts with Delaware for purposes of Orchid's contention that "general" jurisdiction over Orchid India does not exit. However, given the limited period for jurisdictional discovery and that Plaintiffs may attempt to allege injury in Delaware in their reply to Orchid's motion to dismiss, it is appropriate and in the interest of efficiency for the Court to allow Orchid at this time to discover facts that may further support its argument that there has been no injury to any Plaintiff in Delaware and to rebut any arguments that the Plaintiffs might advance to the contrary.

      Respectfully,

      */s/ Richard L. Horwitz*

      Richard L. Horwitz

RLH / msb
859193 / 32657
cc:    Clerk of the Court (via hand delivery)
       Counsel of Record (via electronic mail)