# Morris, Nichols, Arsht & Tunnell LLP

1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19899-1347

302 658 9200
302 658 3989 Fax

Jack B. Blumenfeld
302 351 9291
302 425 3012 Fax
jblumenfeld@mnat.com

April 8, 2008

The Honorable Leonard P. Stark           *VIA ELECTRONIC FILING*
United States Magistrate Judge
United States District Court
 For the District of Delaware
844 North King Street
Wilmington, DE 19801

      Re:   *Forest Laboratories, Inc. v. Cobalt Laboratories, Inc., et al.*
             Civil Action No. 08-021-GMS-LPS

Dear Judge Stark:

        We represent Plaintiffs Forest and Merz in this case. We submit this letter in advance of the parties' telephone conference with the Court on April 10, 2008 at 3:30 p.m.

      (A)   **Relevant Factual Background**

        Plaintiffs filed this Hatch-Waxman case against a number of defendants, including Orchid Chemicals & Pharmaceuticals Ltd. ("Orchid India")[1] and Orchid Pharmaceuticals, Inc. ("Orchid Pharma") (collectively "Orchid") on January 10, 2008.[2] Plaintiffs alleged that Orchid's submission of Abbreviated New Drug Application ("ANDA") No. 90-044 to the FDA infringed U.S. Patent No. 5,061,703 ("the '703 patent"), pursuant to 35 U.S.C. § 271(e)(2)(A). The '703 patent is listed in the FDA's "Orange Book" as covering Forest Labs' NAMENDA® product, and Orchid's ANDA seeks approval to sell a generic version of NAMENDA®.

        On March 3, 2008, Orchid India moved to dismiss for lack of personal jurisdiction (D.I. 43). Plaintiffs and Orchid India subsequently submitted a Stipulation and Order

---

[1] In previous filings with the Court, Orchid India has also been referred to as "Orchid Healthcare," the division of Orchid India that was identified in its notice letter to Plaintiffs.

[2] On January 25, 2008, Plaintiffs filed a Complaint for infringement of the '703 patent against additional defendants (Civil Action No. 08-52-GMS-LPS), also on the basis of ANDA submissions to the FDA.

The Honorable Leonard P. Stark
April 8, 2008
Page 2

to Extend Time for Plaintiffs to Respond (D.I. 54), which was entered by the Court on March 20, 2008. The parties agreed that jurisdictional discovery from Orchid India was appropriate (D.I. 54 at ¶ 2), and Orchid India agreed to provide this discovery (D.I. 54 at ¶ 3). The parties further agreed to submit a schedule for jurisdictional discovery from Orchid India.

Counsel have made good faith efforts to agree upon a schedule for jurisdictional discovery by April 3, but have not been able to reach an agreement on several issues.

**(B)     Juridisdictional Discovery from Orchid**

Plaintiffs' proposal for jurisdictional discovery from Orchid is attached as Exhibit A.

The parties have been unable to agree upon the location of any Rule 30(b)(6) depositions. Counsel for Orchid will not agree that these depositions will take place in the United States, and instead have indicated that the designated witness(es) may be made available only in India. Given the fact that Orchid India has submitted its ANDA in the United States, seeking approval to sell its generic version of NAMENDA® in the United States, and the short time frame for jurisdictional discovery, Plaintiffs believe any depositions should occur in the United States. *See, e.g., Custom Form Mfg., Inc. v. Omron Corp.*, 196 F.R.D. 333, 338 (N.D. Ill. 2000) (finding that conducting depositions of Rule 30(b)(6) designees of a Japanese corporation in the United States "best serve[d] the general interests of judicial economy"); *Sugarhill Records Ltd. v. Motown Record Corp.*, 105 F.R.D. 166, 171 (S.D.N.Y. 1985) ("Corporate defendants are frequently deposed in places other than the location of the principal place of business . . . for the convenience of all parties and in the general interests of judicial economy.").

Orchid has also declined to agree that Plaintiffs may take jurisdictional discovery from Orgenus Pharma, Inc. ("Orgenus"). Orgenus submitted, as Orchid India's agent, the ANDA that gave rise to Plaintiffs' claims against Orchid in this case.[3] (D.I. 44 at 5). Orgenus is also a wholly-owned subsidiary of defendant Orchid Pharma, a Delaware corporation. (*Id.*). Orchid Pharma, in turn, is Orchid India's only wholly-owned subsidiary. (*Id.* at 3). In view of this relationship, Plaintiffs seek jurisdictional discovery from Orgenus regarding its contacts with Delaware, as these contacts may demonstrate that jurisdiction over Orchid India is proper. *See, e.g., Energy Transp. Group, Inc. v. William Demant Holding A/S*, No. 05-422-GMS, 2008 WL 78748, at *4 (D. Del. Jan. 4, 2008) ("ETG") (finding personal jurisdiction over a foreign corporation was proper where it "acted in concert with its subsidiaries to place the accused products in the stream of commerce").

---

3   This information, though required under 21 C.F.R. § 314.95(c)(7), was omitted from the statutorily-required notice letter and was not disclosed to Plaintiffs until Orchid India filed its motion to dismiss.

The Honorable Leonard P. Stark
April 8, 2008
Page 3

Finally, the parties have agreed that Plaintiffs will have twenty requests for admission and twenty-five document requests, but have been unable to reach an agreement on the number of interrogatories to be served upon Defendants.[4] Plaintiffs seek to serve fifteen interrogatories, while Orchid seeks to limit this number to five. Plaintiffs maintain that fifteen interrogatories are needed to explore fully the issues surrounding jurisdiction over Orchid India and its ties to this District.

(C)   **Jurisdictional Discovery from Plaintiffs**

Jurisdictional discovery from Plaintiffs is not contemplated by the stipulation filed by the parties. (*See generally* D.I. 54). Last week, however, counsel for Orchid informed Plaintiffs that Orchid would seek such discovery. As an alternative to seeking jurisdictional discovery, Orchid proposed that Plaintiffs enter into a stipulation that would preclude Plaintiffs from raising certain jurisdictional arguments in their response to Orchid India's motion to dismiss. Plaintiffs have declined to do so.

According to its counsel, the jurisdictional discovery that Orchid seeks from Plaintiffs will be limited to information regarding the *situs* of Plaintiffs' alleged injury. When pressed, counsel for Orchid identified discovery topics, including the Plaintiffs' respective places of incorporation and principal places of business. The answers to these questions, however, can readily be ascertained from the facts pleaded in the Complaint, which are assumed to be true for purposes of Orchid India's motion. *See ETG*, 2008 WL 78748, at *2 ("In determining the jurisdictional question, the court must accept as true the allegations of the Complaint."). There is no need for Plaintiffs to be burdened with discovery on these issues, given that Plaintiffs have already made unequivocal admissions.

Respectfully,

*/s/ Jack Blumenfeld*
Jack B. Blumenfeld (#1014)

JBB/dlb
Enclosures
cc:   Clerk of the Court (Via Hand Delivery; w/ encl.)
      All Counsel of Record (Via Electronic Mail; w/ encl.)

---

[4] Plaintiffs had originally proposed that discovery requests would be served by April 10. However, to account for the current delay, Plaintiffs have extended this date by one week in their attached proposed schedule.

# EXHIBIT A

Case 1:08-cv-00021-GMS-LPS   Document 61-2   Filed 04/08/2008   Page 1 of 3

## Plaintiffs' Proposed Schedule for Jurisdictional Discovery

Plaintiffs hereby propose the following schedule for jurisdictional discovery, pursuant to the Parties' Stipulation and Order to Extend Time for Plaintiffs to Respond to Orchid India's Motion to Dismiss (D.I. 54).

1. Plaintiffs collectively may serve on Defendants a total of fifteen (15) interrogatories, limited to issues concerning jurisdictional discovery. Such interrogatories must be served on or before April 17, 2008, and Defendants' responses are due according to the Federal Rules of Civil Procedure. The parties further agree, pursuant to Fed. R. Civ. P. 26(b)(2) and 33(a)(1), that the interrogatories served by Plaintiffs in connection with jurisdictional discovery are separate and apart from the interrogatories on the merits to which Plaintiffs would be entitled during fact discovery in this case.

2. Plaintiffs collectively may serve on Defendants a total of twenty-five (25) document requests, limited to issues concerning jurisdictional discovery. Such document requests must be served as a single set of requests on or before April 17, 2008, and Defendants' responses are due according to the Federal Rules of Civil Procedure.

3. Plaintiffs may collectively serve a total of twenty (20) requests for admission, limited to issues concerning jurisdictional discovery, on Defendants. Such requests for admission must be served on or before April 17, 2008, and Defendants' responses are due according to the Federal Rules of Civil Procedure.

4. Plaintiffs may serve a deposition notice under Fed. R. Civ. P. 30(b)(6) on Defendants. Such notice will include particular topics limited to jurisdictional discovery. In response to such notice, Defendants will designate a representative (or representatives) to testify on the listed topics. Such deposition notice will be served on or before May 19, 2008, and such

2

deposition(s) shall occur no later than June 6, 2008 at a mutually-agreeable location within the contiguous United States.

       5.      Defendants will provide jurisdictional discovery from Orgenus Pharma, Inc. ("Orgenus") as if Orgenus were a party to this case.

SO ORDERED this _____ day of April, 2008.

_____
United States District Court Judge