**Potter
Anderson
& Corroon LLP**

1313 North Market Street
P.O. Box 951
Wilmington, DE 19899-0951
302 984-6000

www.potteranderson.com

Richard L. Horwitz
Partner
Attorney at Law
rhorwitz@potteranderson.com
302 984-6027 Direct Phone
302 658-1192 Fax

April 9, 2008

**VIA ELECTRONIC FILING**

The Honorable Leonard P. Stark
United States District Court
  for the District of Delaware
844 N. King Street
Wilmington, Delaware 19801

Re:   *Forest Laboratories Inc. v. Cobalt Laboratories Inc., et al.,*
      **C.A. No. 08-21-GMS-LPS**

Dear Magistrate Judge Stark:

This letter responds to Mr. Blumenfeld's April 8, 2008 letter and is submitted in advance of the parties' telephone conference with the Court on April 10, 2008 at 3:30 pm.

    1.    <u>The Appropriate Scope of Discovery from Orchid India</u>

In order to avoid troubling the Court over the fundamental question of whether Plaintiffs' jurisdictional allegations were sufficient to justify jurisdictional discovery of Orchid India,[1] Orchid India has agreed to a total of 5 interrogatories, 5 document requests, 20 requests for admission, and to provide a 30(b)(6) deponent in India. A copy of Defendants' counter-proposal for jurisdictional discovery, which was provided to Plaintiffs' counsel as part of the meet and confer process, is attached as Exhibit A. (Plaintiffs' letter misstates the scope of discovery to which Orchid India agreed, which is accurately set out in Exhibit A hereto). Orchid India's counterproposal provides Plaintiffs with all the discovery they need in order to respond to Orchid India's motion to dismiss.

---

[1]   *See Rosenstein & Sons, Co. v. BBI Produce, Inc.*, 123 F. Supp. 2d 268, 275 (M.D. Pa. 2000) (denying jurisdictional discovery because plaintiff "has not made a proffer explaining what it wishes to discover and how this would help overcome the great weight of evidence supporting a finding that this court lacks jurisdiction.").

The Honorable Leonard P. Stark
April 9, 2008
Page 2

      2.      Orchid India Should Not Be Forced to Produce A 30(b)(6) Witness In the United States

There is no basis to require Orchid India to produce a Rule 30(b)(6) witness in the United States.[2] Plaintiffs cite no authority supporting its demand that a foreign corporation contesting jurisdiction must produce a witness in the U.S. None of the cases plaintiffs rely on involve jurisdictional discovery. To the contrary, the sole case that Orchid has located that addresses the issue rejected such a request. *See Clean Air Council v. Dragon Int'l Group*, 2007 U.S. Dist. LEXIS 89565, at *8 (M.D. Pa. Dec. 5, 2007) ("discovery should proceed at this point in ways other than depositions in the United States of [defendant's] corporate designee").

Further, in an effort to avoid troubling the Court with this dispute Orchid offered to provide a 30(b)(6) witness in the U.S. if the deponent's travel schedule would accommodate the scheduled deposition. Orchid further offered to investigate the possibility of coordinating a deposition in the U.S. if Plaintiffs would provide the deposition topics so the proper deponent could be identified and travel coordinated. Plaintiffs rejected both offers. In these circumstances, there is no basis to order Orchid India to produce a 30(b)(6) witness in the United States.

      3.      There Is No Basis To Take Discovery Over Non-Party Orgenus

Plaintiffs "seek jurisdictional discovery from Orgenus regarding its contacts with Delaware," (Pl. Ltr. at 2), but ignore the fundamental fact that Orgenus has not been named as a defendant in this case. In short, the Court lacks jurisdiction over Orgenus and cannot order such a non-party to provide any discovery. *See, e.g., In re Kensington Int'l Ltd.*, 368 F.3d 289, 296 n.5 (3d Cir. 2004) ("we lack the authority to issue a writ of mandamus to non-parties").

Jurisdictional defect aside, Plaintiffs' theory for seeking discovery of Orgenus – that Orchid India's relationship with Orgenus might be such that if Orgenus has sufficient jurisdictional contacts with Delaware, those contacts may somehow justify jurisdiction over Orchid India – is likewise flawed. The Plaintiffs' mere conjecture is insufficient to merit discovery, particularly where it would involve a non-party like Orgenus. *See Hansen v. Neumueller GmbH*, 163 F.R.D. 471, 475 (D. Del. 1995) ("there must be *some* competent evidence to demonstrate that personal jurisdiction over the defendant might exist before allowing discovery to proceed"). There is no basis to compel the type of open-ended fishing expedition of non-party Orgenus that Plaintiffs seek on the theoretical possibility that it might have contacts with Delaware which, in turn, might somehow be imputed to Orchid India. *See Hansen*, 163 F.R.D. at 475 ("It would be inappropriate for this court to allow plaintiff to conduct a fishing expedition in order to construct a basis for jurisdiction."). Plaintiffs' reliance on *Energy Transp. Group, Inc. v. William Demant Holding AIS*, C.A. No. 05-422-GMS, 2008 WL 78748 (D. Del. Jan. 4, 2008) ("*ETG*") is unavailing. As conceded by Plaintiffs, the *ETG* Court's finding of specific jurisdiction over a foreign corporation was premised on "the allegations, assertions in

---

[2] This Court's form order indicates that a defendant who has not filed a counterclaim, cross-claim, or third party claim is not required to submit to a deposition within the district.

affidavits, and evidence provided in [plaintiff's] appendix" that the foreign corporation "acted in consort with its subsidiaries to place the accused products in the stream of commerce." *ETG*, 2008 WL 78748, at *4. In contrast, Orchid India merely filed an ANDA, at most a "highly artificial" act of infringement, *see Eli Lilly & Co. v. Medtronic, Inc.*, 496 U.S. 661, 678 (1990), and there is no suggestion whatsoever that Orchid's ANDA has had any impact on the State of Delaware.

### 4. Jurisdictional Discovery From Plaintiffs

Defendants reiterate that they believe that jurisdictional discovery from Plaintiffs is appropriate at this time for the reasons stated in my letter dated April 8, which is incorporated herein by reference.

Respectfully,

*/s/ Richard L. Horwitz*

Richard L. Horwitz

RLH / msb
859473 / 32657

Enclosure
cc:   Clerk of the Court (via hand delivery)
      Counsel of Record (via electronic mail)

# EXHIBIT A

April 1, 2008 DRAFT
# FOR PARTIES' DISCUSSION PURPOSES ONLY

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| FOREST LABORATORIES, INC., FOREST LABORATORIES HOLDINGS, LTD., MERZ PHARMA GMBH & CO. KGAA, and MERZ PHARMACEUTICALS GMBH,<br><br>Plaintiffs,<br><br>vs.<br><br>COBALT LABORATORIES INC., LUPIN PHARMACEUTICALS, INC., LUPIN LTD., ORCHID PHARMACEUTICALS INC., ORCHID CHEMICALS & PHARMACEUTICALS LTD. (d/b/a ORCHID HEALTHCARE), TEVA PHARMACEUTICALS USA, INC., UPSHER-SMITH LABORATORIES, INC., WOCKHARDT USA INC., and WOCKHARDT LIMITED,<br><br>Defendants. | Civil Action No. 08-CV-21-GMS-LPS |

## **STIPULATED JURISDICTIONAL DISCOVERY SCHEDULE**

April 1, 2008 DRAFT
**FOR PARTIES' DISCUSSION PURPOSES ONLY**

Plaintiffs Forest Laboratories, Inc., Forest Laboratories Holdings, Inc., Merz Pharma GmbH & Co. KGaA, and Merz Pharmaceuticals GmbH (collectively "Plaintiffs") and Defendants Orchid Chemicals & Pharmaceuticals Ltd. ("Orchid India") and Orchid Pharmaceuticals Inc. ("Orchid Pharma") (collectively "Defendants") hereby stipulate, subject to the approval of the Court, as follows:

**ORCHID INDIA FILED A MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION (D.I. 43) ON MARCH 3, 2008. THE PARTIES THEN SUBMITTED A STIPULATION AND ORDER TO EXTEND TIME FOR PLAINTIFFS TO RESPOND (D.I. 54), WHICH WAS ENTERED BY THE COURT ON MARCH 20, 2008.**

**IN THEIR STIPULATION, THE PARTIES AGREED TO SUBMIT A SCHEDULE FOR JURISDICTIONAL DISCOVERY WITHIN TWO WEEKS OF THE ORDER ENTRY DATE (*I.E.*, BY APRIL 3, 2008).**

**ALSO BASED ON THE COURT'S ENTRY OF THE ORDER, PLAINTIFFS' TIME TO RESPOND TO ORCHID INDIA'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION HAS BEEN EXTENDED UNTIL THE EARLIER OF THE FOLLOWING TWO DATES: (A) 10 DAYS FOLLOWING THE COMPLETION OF JURISDICTIONAL DISCOVERY, OR (B) JUNE 18, 2008.**

**THE PARTIES HAVE AGREED TO THE FOLLOWING JURISDICTIONAL DISCOVERY SCHEDULE, AGAIN SUBJECT TO THE APPROVAL OF THE COURT:**

Plaintiffs collectively may serve on Defendants a total of five (5) interrogatories, limited to issues concerning jurisdictional discovery. Such interrogatories must be served on or before April 10, 2008, and Defendants' responses are due according to the Federal Rules of Civil Procedure. The parties further agree, pursuant to Fed. R. Civ. P. 26(b)(2) and 33(a)(1), that the

interrogatories served by Plaintiffs in connection with jurisdictional discovery are separate and apart from the interrogatories on the merits to which Plaintiffs would be entitled during potential future fact discovery in this case.

Plaintiffs collectively may serve on Defendants a total of five (5) document requests, limited to issues concerning jurisdictional discovery. Such document requests must be served on or before April 10, 2008, and Defendants' responses are due according to the Federal Rules of Civil Procedure.

Plaintiffs may collectively serve a total of twenty (20) requests for admission, limited to issues concerning jurisdictional discovery, on Defendants. Such requests for admission must be served on or before April 10, 2008, and Defendants' responses are due according to the Federal Rules of Civil Procedure.

Plaintiffs may serve a deposition notice under Fed. R. Civ. P. 30(b)(6) on Orchid India. Such notice will include particular topics limited to jurisdictional discovery. In response to such notice, Orchid India will designate a representative (or representatives) to testify in India on the listed topics. Such deposition notice will be served on or before May 19, 2008, and such deposition(s) shall occur no later than June 6, 2008.

Defendants collectively may serve on Plaintiffs a total of five (5) interrogatories, limited to issues concerning jurisdictional discovery. Such interrogatories must be served on or before April 10, 2008, and Plaintiffs' responses are due according to the Federal Rules of Civil Procedure. The parties further agree, pursuant to Fed. R. Civ. P. 26(b)(2) and 33(a)(1), that the interrogatories served by Defendants in connection with jurisdictional discovery are separate and apart from the interrogatories on the merits to which Defendants would be entitled during potential future fact discovery in this case.

2

Defendants collectively may serve on Plaintiffs a total of five (5) document requests, limited to issues concerning jurisdictional discovery. Such document requests must be served on or before April 10, 2008, and Plaintiffs' responses are due according to the Federal Rules of Civil Procedure.

Defendants may collectively serve a total of twenty (20) requests for admission, limited to issues concerning jurisdictional discovery, on Plaintiffs. Such requests for admission must be served on or before April 10, 2008, and Plaintiffs' responses are due according to the Federal Rules of Civil Procedure.

Defendants may serve a deposition notice under Fed. R. Civ. P. 30(b)(6) on Plaintiffs. Such notice will include particular topics limited to jurisdictional discovery. In response to such notice, Plaintiffs will designate a representative (or representatives) to testify on the listed topics. Such deposition notice will be served on or before May 19, 2008, and such deposition(s) shall occur no later than June 6, 2008.

**DEFENDANTS WILL PROVIDE JURISDICTIONAL DISCOVERY FROM ORCHID CHEMICALS & PHARMACEUTICALS LTD AND ORCHID PHARMACEUTICALS, INC. PLAINTIFFS WILL PROVIDE JURISDICTIONAL DISCOVERY FROM FOREST LABORATORIES, INC., FOREST LABORATORIES HOLDINGS, INC., MERZ PHARMA GMBH & CO. KGAA, AND MERZ PHARMACEUTICALS GMBH.**

3

...

Case 1:08-cv-00021-GMS-LPS    Document 62-2    Filed 04/09/2008    Page 6 of 6

                                                    Respectfully submitted,

Dated: April __, 2008

Morris, Nichols, Arsht & Tunnell LLP          Potter Anderson & Corroon LLP

_____               _____
Jack B. Blumenfeld (# 1014)                   Richard L. Horwitz (# 2246)
Maryellen Noreika (# 3208)                    David E. Moore (# 3983)
1201 N. Market Street                         Hercules Plaza, 6th Floor
P.O. Box 1347                                 1313 N. Market Street
Wilmington, DE 19899                          Wilmington, DE 19801
(302) 658-9200                                (302) 984-6000
jblumenfeld@mnat.com                          rhorwitz@potteranderson.com
mnoreika@mnat.com                             dmoore@potteranderson.com

*Attorneys for Plaintiffs*                    *Attorneys for Orchid Defendants*

*Of Counsel:*                                 *Of Counsel:*

John Desmarais                                LATHAM & WATKINS LLP
Gerald J. Flattmann, Jr.                      Kenneth G. Schuler
Melanie R. Rupert                             Sears Tower, Suite 5800
KIRKLAND & ELLIS LLP                          233 South Wacker Drive
Citigroup Center                              Chicago, IL 60606
153 East 53rd Street
New York, NY 10022                            Terrence J. Connolly
(212) 446-4800                                885 Third Avenue, Suite 1000
                                              New York, NY 10022
F. Dominic Cerrito
Daniel L. Malone                              Darryl H. Steensma
Eric C. Stops                                 12636 High Bluff Drive, Suite 400
JONES DAY                                     San Diego, CA 92130
222 East 41st Street
New York, NY 10017
(212) 326-3939


        SO ORDERED this _____ day of April, 2008.


                    _____
                    United States District Court Judge

                                                                    4

{NSD\96591.1}