## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| FOREST LABORATORIES, INC., ET AL., | ) | |
| | ) | C.A. No. 08-21-GMS-LPS |
| Plaintiffs, | ) | (Consolidated) |
| | ) | |
| v. | ) | **PUBLIC VERSION** |
| | ) | |
| COBALT LABORATORIES INC., ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANT ORGENUS PHARMA, INC.'S OPENING BRIEF
## IN SUPPORT OF ITS RULE 12(B)(2) MOTION TO
## DISMISS FOR LACK OF PERSONAL JURISDICTION

OF COUNSEL:

Kenneth G. Schuler
LATHAM & WATKINS LLP
Sears Tower, Suite 5800
233 South Wacker Drive
Chicago, IL 60606
Tel: (312) 876-7700
kenneth.schuler@lw.com

Terrence J. Connolly
LATHAM & WATKINS LLP
885 Third Avenue, Suite 1000
New York, NY 10022-4834
Tel: (212) 906-1200
terrence.connolly@lw.com

Darryl H. Steensma
LATHAM & WATKINS LLP
12636 High Bluff Drive, Suite 300
San Diego, CA 92130
Tel: (858) 523.5400
darryl.steensma@lw.com

Richard L. Horwitz (#2246)
David E. Moore (#3983)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, Delaware 19801
Tel:  (302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

*Attorneys for Defendant
Orgenus Pharma Inc.*

Dated:  June 19, 2008
Public Version Dated: June 26, 2008
870609 / 32657

# TABLE OF CONTENTS

I.  NATURE AND STAGE OF PROCEEDINGS .................................................................1

II.  SUMMARY OF ARGUMENT ...............................................................................2

III.  STATEMENT OF FACTS .....................................................................................4

    A.  Merz Pharma GmbH & Co. KGaA and Merz Pharmaceuticals GmbH .................4
    B.  Forest Laboratories, Inc. and Forest Laboratories Holdings, Ltd. ...........................4
    C.  Orgenus ..............................................................................................................5
    D.  Orchid Pharmaceuticals, Inc. ...............................................................................6
    E.  Orchid India .........................................................................................................6

IV.  ARGUMENT ......................................................................................................7

    A.  Plaintiffs Cannot Establish Specific Jurisdiction Over Orgenus ............................8
    B.  Plaintiffs Cannot Establish General Jurisdiction Over Orgenus...........................11
    C.  Exercise of Personal Jurisdiction over Orgenus in this Matter Would
        Violate Due Process ...........................................................................................13

V.  CONCLUSION...................................................................................................15

# TABLE OF AUTHORITIES

## CASES

Page

*Applied Biosystems, Inc. v. Cruachem, Ltd.*,
  772 F. Supp. 1458 (D. Del. 1991)..........................................................................7, 8, 9, 14

*Asahi Metal Industry Co. v. Superior Court*,
  480 U.S. 102 (1987).............................................................................................2, 13

*Beverly Hills Fan Co. v. Royal Sovereign Corp.*,
  21 F.3d 1558 (Fed. Cir. 1994)..............................................................................9, 10

*Burger King Corp. v. Rudzewicz*,
  471 U.S. 462 (1985)....................................................................................................4

*Cannon Manufacturing Co. v. Cudahy Packing Co.*,
  267 U.S. 333 (1925).....................................................................................................3

*Carteret Savings Bank, F.A. v. Shushan*,
  954 F.2d 141 (3d Cir. 1992).......................................................................................7

*Commissariat A L'Energie Atomique v. Chi Mei Optoelectronics Corp.*,
  395 F.3d 1315 (Fed. Cir. 2005)................................................................................10

*Dutoit v. Strategic Minerals Corp.*,
  735 F. Supp. 169 (E.D. Pa. 1990) ................................................................3, 13, 14

*Foster Wheeler Energy Corp. v. Metallgesellschaft AG*,
  C.A. No. 91-214-SLR, 1993 WL 669447 (D. Del. Jan. 4, 1993) ...........................9, 11, 12

*Gehling v. St. George's School of Medicine, Ltd.*,
  773 F.2d 539 (3d Cir. 1985)......................................................................................12

*Helicopteros Nacionales de Colombia v. Hall*,
  466 U.S. 408 (1984).........................................................................................2, 4, 8, 14

*Int'l Shoe Co. v. Washington*,
  326 U.S. 310 (1945)...............................................................................................7, 14

*Honeywell, Inc. v. Metz Apparatewerke*,
  509 F.2d 1137 (7th Cir. 1975) .................................................................................10

*Keeton v. Hustler Magazine, Inc.*,
  465 U.S. 770 (1984).........................................................................................3, 12, 13, 14

*MEMC Electric Materials, Inc. v. Mitsubishi Materials Silicon Corp.,*
    420 F.3d 1369 (Fed. Cir. 2005)..........................................................................10

*Merck & Co., Inc. v. Barr Laboratories, Inc.,*
    179 F. Supp. 2d 368 (D. Del. 2002).............................................7, 8, 12, 13

*Mobil Oil Corp. v. Linear Films, Inc.,*
    718 F. Supp. 260 (D. Del. 1989)..........................................................................3

*Power Integrations, Inc. v. BCD Semiconductor Corp.,*
    --- F. Supp. 2d ---, C.A. No. 07-633-JJF-LPS,
    2008 WL 1775415 (D. Del. April 11, 2008)...................................................9

*Provident National Bank v. California Federal Savings & Loan Association,*
    819 F.2d 434 (3d Cir. 1987).................................................................................12

*Saraceno v. S. C. Johnson & Son, Inc.,*
    83 F.R.D. 65 (S.D.N.Y. 1979) ..............................................................................3

*Schulman v. Walt Disney World Co.,*
    1992 WL 38390 (E.D. Pa. Feb. 25, 1992) .........................................................3

*Sternberg v. O'Neil,*
    550 A.2d 1105 (Del. 1988) ....................................................................................3

*Textile Products, Inc. v. Mead Corp.,*
    134 F.3d 1481 (Fed. Cir. 1998)..........................................................................11

*Virgin Wireless, Inc. v. Virgin Enterprises, Ltd.,*
    201 F. Supp. 2d 294 (D. Del. 2002)....................................................................7

*World-Wide Volkswagen Corp. v. Woodson,*
    444 U.S. 286 (1980)................................................................................................4

*Zeneca Ltd. v. Mylan Pharmaceuticals, Inc.,*
    173 F.3d 829 ............................................................................................................9

## STATUTES

35 U.S.C. § 271....................................................................................................1, 8, 9

FED. R. CIV. P. 12(b)(2) .........................................................................................1, 7

10 Del. C. § 3104 .......................................................................................... *passim*

## I.    NATURE AND STAGE OF PROCEEDINGS

Orgenus Pharma Inc. ("Orgenus") submits this brief is support of its Rule 12(b)(2)

Motion to Dismiss for Lack of Personal Jurisdiction.  This is the second suit Plaintiffs have

brought concerning the submission of ANDA No. 90-044 (the "memantine ANDA").  The first

suit, C.A. No. 08-021 GMS, was filed against Orgenus's parent companies, Orchid Chemicals &

Pharmaceuticals Ltd. ("Orchid India") and Orchid Pharmaceuticals Inc. ("Orchid Delaware").

Orchid Delaware, a holding company with no employees, intends to promptly seek permission to

move for summary judgment on the grounds that it had no involvement whatsoever with the

memantine ANDA.  Orchid India responded to the complaint by filing a Rule 12(b)(2) Motion to

Dismiss for Lack of Personal Jurisdiction, because it had no contacts with Delaware sufficient to

subject it to jurisdiction there.  D.I. 37.  In response to that motion, Plaintiffs filed this case

against Orgenus, which has since been consolidated with the initial (and other) cases involving

memantine.  D.I. 61.

As demonstrated below, Orgenus is not subject to personal jurisdiction in Delaware.

Orgenus is a New Jersey corporation with its sole place of business in New Jersey.  It has

virtually no jurisdictional contacts with Delaware.  While both Orchid India and Orgenus are

subject to suit in New Jersey, neither is subject to jurisdiction in Delaware.  Orgenus's motion to

dismiss should be granted.

Plaintiffs brought this action for patent infringement under 35 U.S.C. § 271(e)(2) against

Orgenus for filing the memantine ANDA, which includes a paragraph IV certification that the

product if and when sold will not infringe any valid patent claim.  Complaint at ¶¶ 16, 17, 20.

Plaintiffs Forest Laboratories, Inc. ("Forest Labs"), Forest Laboratories Holdings, Ltd.

(collectively, "Forest") and Merz Pharma GmbH & Co. KGaA, and Merz Pharmaceuticals

GmbH (collectively, as "Merz"), claim that they own all substantive rights in U.S. Patent

No. 5,061,703 ("the '703 patent"), which allegedly covers "Namenda® brand" memantine

hydrochloride tablets. Complaint at ¶¶ 12-13. The Merz entities are German corporations that

allegedly are the sole assignees of the '703 patent. Complaint at ¶ 12. The Forest entities assert

that they are the exclusive U.S. licensees of the '703 patent, and hold New Drug Application

No. 21-487 for Namenda® brand memantine hydrochloride tablets. Complaint at ¶ 13. The

'703 patent is listed in the Approved Drug Products with Therapeutic Equivalence Evaluations

("Orange Book") for Namenda® tablets. *Id.*

## II.    SUMMARY OF ARGUMENT

Plaintiffs do not and cannot assert that their purported cause of action against Orgenus

arose out of any action by Orgenus in Delaware or directed at Delaware. This is not a case in

which the cause of action arises out of a defendant's actions in the forum or directed toward the

forum. *See Asahi Metal Industry Co. v. Superior Court*, 480 U.S. 102, 112 (1987) (requirements

of due process satisfied where defendant purposefully directs an action toward the forum state).

The alleged infringing activity—the filing of the memantine ANDA by Orgenus—took place

exclusively in New Jersey (and in Maryland where the FDA is located) and had no connection at

all to Delaware. Nor have any of the Plaintiffs suffered injury in Delaware given that the

Plaintiffs' principal places of business are all outside of Delaware. Nor is jurisdiction

appropriate on the basis of "continuous and systematic general business contacts" with

Delaware. *Helicopteros Nacionales de Colombia v. Hall*, 466 U.S. 408, 416 (1984). Orgenus

has virtually no business contacts with Delaware.

Orgenus's contacts with Delaware do not satisfy either the specific or general jurisdiction

provisions of Delaware's long-arm statute, much less constitutional standards. 10 Del. C.

§ 3104. Orgenus is a New Jersey corporation with its sole office in Princeton, New Jersey. *Affidavit of Mr. Satish Srinivasan, June 18, 2008* ("Srinivasan Aff."), at ¶ 2, filed herewith. Orgenus has no offices, property, or employees in Delaware, and does not sell products or derive substantial revenues in Delaware. *Id.* at ¶¶ 5-7, 10. Although Orgenus is the wholly-owned subsidiary of Orchid Delaware, a passive Delaware holding company, Orgenus and Orchid Delaware preserve corporate formalities, and have separate accounting functions and books, separate bank accounts, separate employees, and entirely separate corporate identities. *Id.* at ¶¶ 3, 4.

Virtually the only contact that Orgenus has with the State of Delaware is that it is the wholly-owned subsidiary of a passive Delaware holding company, Orchid Delaware. *Id.* at ¶ 3. But this fact is insufficient to make it subject to Delaware jurisdiction. *See, e.g., Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 781 n.13 (1984) (noting that "jurisdiction over a parent corporation [does not] automatically establish jurisdiction over a wholly owned subsidiary."); *Dutoit v. Strategic Minerals Corp.*, 735 F. Supp. 169, 171 (E.D.Pa. 1990) ("A parent-subsidiary relationship is by itself an insufficient reason to pierce the corporate veil in the jurisdictional context.") (citing *Cannon Mfg. Co. v. Cudahy Packing Co.*, 267 U.S. 333 (1925)); *Mobil Oil Corp. v. Linear Films, Inc.*, 718 F. Supp. 260, 263 n.7 (D. Del. 1989); *Sternberg v. O'Neil*, 550 A.2d 1105, 1119-20 (Del. 1988) (citing *Keeton* for the proposition that "both the parent and the subsidiary corporation's contacts with the forum state must be assessed individually"). *See also Schulman v. Walt Disney World Co.*, 1992 WL 38390, at *3 (E.D.Pa. Feb. 25, 1992) ("Contacts by a defendant's parent company ... cannot be imputed to defendant to establish jurisdiction."); *Saraceno v. S. C. Johnson & Son, Inc.*, 83 F.R.D. 65, 67 (S.D.N.Y. 1979) ("The 'doing business'

3

test does not subject a subsidiary corporation to personal jurisdiction simply because a state has jurisdiction over the parent, even if the parent is the sole shareholder of the subsidiary.").

Further, it would be unconstitutional for Orgenus to be forced to defend this action in Delaware. The personal jurisdiction standard requires that a defendant have sufficient contacts with a forum state that the defendant could reasonably anticipate being haled into court there. *See, e.g., World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297-98 (1980). Either (1) the defendant must "'purposefully direct[]' his activities at residents of the forum," such that it can reasonably foresee being sued in that state for injuries arising out of those activities; or (2) the defendant must have "continuous and systematic general business contacts" with the state, such that it can reasonably foresee being sued in that state on any grounds. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985); *Helicopteros Nacionales*, 466 U.S. at 416. No such foreseeability exists in this case.

Accordingly, Orgenus's motion to dismiss must be granted.

## III.    STATEMENT OF FACTS

### A.    *Merz Pharma GmbH & Co. KGaA and Merz Pharmaceuticals GmbH*

Merz Pharma GmbH & Co. KGaA is a German corporation having a principal place of business at Eckenheimer Landstraβe 100, D-60318 Frankfurt am Main, Germany. Complaint at ¶ 3. Merz Pharmaceuticals GmbH is a German corporation having a principal place of business at Eckenheimer Landstraβe 100, D-60318 Frankfurt am Main, Germany. *Id.* at ¶ 4. The Merz entities are the sole assignees of the '703 patent. *Id.* at ¶ 12.

### B.    *Forest Laboratories, Inc. and Forest Laboratories Holdings, Ltd.*

Forest Laboratories, Inc. ("Forest US") is a Delaware corporation having a principal place of business at 909 Third Avenue, New York, New York 10022. *Id.* at ¶ 1. Forest

Laboratories Holdings, Ltd. ("Forest Ireland") is an Irish corporation having a principal place of business at Milner House, 18 Parliament Street, Hamilton JM11, Bermuda. *Id.* at ¶ 2. ▆▆▆▆



### C.    *Orgenus*

Orgenus is a New Jersey corporation. *Srinivasan Aff.* at ¶ 2. Its sole and principal office is in Princeton, NJ. *Id.* Orgenus is Orchid India's primary business contact for the United States and Canada. *Id.* The Orchid India web site prominently lists Orgenus as the "Primary Business Contact for US and Canada." *Id.* at ¶ 2 and Exhibit B thereto. Orgenus serves as the U.S. regulatory agent for Orchid India's and Orchid Healthcare's filings with the FDA. *Id.* at ¶ 11. Orgenus publicly disclosed that it is Orchid India's U.S. regulatory agent for related memantine products, as indicated in a Suitability Petition submitted on behalf of Orchid Healthcare, which is publicly available on the FDA's website. *Id.* at ¶ 15 and Exhibit D thereto. ▆▆▆▆▆

▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆

▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆

▆▆▆▆▆▆▆▆▆▆▆▆

▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆

▆▆▆▆▆▆▆▆ None of the services provided by Orgenus are involved with Delaware or entities located in Delaware. *Id.* Orgenus does not sell or distribute any products in the United States, nor does it contract with Orchid India's business partners. *Id.* at

¶¶ 6-7. Orgenus has no employees, offices, facilities, telephone listings, bank accounts, or property in Delaware. *Id.* at ¶ 5. The company does not solicit business in Delaware, and does not advertise products directly to consumers in the United States or Delaware. *Id.* at ¶ 6-7. Orgenus is not registered with the Delaware Secretary of State to do business in Delaware, and is not licensed by the State of Delaware to sell drugs in the state. *Id.* at ¶ 7. Orgenus has never sold any products in Delaware, nor has it derived substantial revenues from sales within the state. *Id.* Orgenus has never commenced any legal action or proceeding in Delaware, nor has it previously been named a defendant in any action in Delaware. *Id.* at ¶ 9.

### D.   *Orchid Pharmaceuticals, Inc.*

Orchid Delaware is a Delaware holding company and the wholly-owned subsidiary of Orchid India. *Srinivasan Aff.* at ¶ 3. Orchid Delaware did not participate in, contribute to, or otherwise aid in the preparation of ANDA No. 90-044 or in its submission to the FDA. *Id.* at ¶ 14.

### E.   *Orchid India*

Orchid India is an Indian Corporation that is involved in the development and manufacture of active pharmaceutical ingredients and finished dosage forms, as well as in drug discovery. *Affidavit of Dr. C. Bhaktavatsala Rao in support of Defendant Orchid's Motion to Dismiss*, February 29, 2008 ("Rao Aff."), CA No. 08-021-GMS-LPS, D.I. 35, at ¶ 2. Orchid Healthcare, a Division of Orchid India, undertakes development and manufacture of finished dosage forms and the submission of ANDAs to the FDA for such dosage forms. *Id.* at ¶ 3. The memantine ANDA was prepared by Orchid India in India. *Id.* at ¶ 15.

## IV.    ARGUMENT

This action should be dismissed for lack of personal jurisdiction. FED. R. CIV. P.

12(b)(2).  Two requirements must be met for personal jurisdiction to exist over a non-resident

defendant, one statutory and one constitutional.  First, the Court must determine whether there is

a statutory basis for jurisdiction under the forum state's long arm statute.  *Merck & Co., Inc. v.*

*Barr Labs., Inc.*, 179 F. Supp. 2d 368, 371 (D. Del. 2002); *Applied Biosystems, Inc. v.*

*Cruachem, Ltd.*, 772 F. Supp. 1458, 1462 (D. Del. 1991).  This analysis "must refer to state law

even when … the underlying legal issues involve federal patent law."  *Merck*, 179 F. Supp. 2d at

371.  Second, the Court must determine whether the exercise of jurisdiction would comport with

the defendant's right to Due Process.  *Id.* (citing *Int'l Shoe Co. v. Washington*, 326 U.S. 310

(1945)); *Applied Biosystems*, 772 F. Supp. at 1462.

When a non-resident defendant like Orgenus challenges personal jurisdiction, "the

burden is on the plaintiff to show that the defendant … 'purposefully avail[ed] itself of the

privilege of conducting activities within the forum State, thus invoking the benefits [and]

protections of its laws.'"  *Virgin Wireless, Inc. v. Virgin Enterprises, Ltd.*, 201 F. Supp. 2d 294,

298 (D. Del. 2002).  As such, the Plaintiffs cannot rely on the pleadings alone to withstand a

motion to dismiss for lack of personal jurisdiction.  *Id.* (finding that the plaintiff "must come

forward with facts to establish by a preponderance of the evidence that the court can exercise

personal jurisdiction over the defendant") (citing *Carteret Sav. Bank, F.A. v. Shushan*, 954 F.2d

141, 146 (3d Cir. 1992)).

Plaintiffs cannot establish any basis for subjecting Orgenus to the jurisdiction of the

Court under Delaware's long-arm statute.  10 Del. C. § 3104.  Indeed, Plaintiffs assert merely

that this Court has jurisdiction over Orgenus based on "(1) its presence in Delaware through its

7

parent Orchid [Delaware]; and (2) its systematic and continuous contacts with Delaware, including through its parent Orchid [Delaware]." *Complaint* at ¶ 10. However, Plaintiffs cannot demonstrate that Orgenus satisfies any of the criteria listed in Section 3104, nor can Plaintiffs establish any connection whatsoever between Orgenus and the State of Delaware.

Orgenus is a New Jersey corporation that has no ties to Delaware, including no in-state offices, facilities, employees, telephone listings, real estate, or bank accounts. *Srinivasan Aff.* at ¶¶ 2, 5. It does not solicit business in Delaware, and has never sold products or derived substantial revenues within the state. *Id.* at ¶¶ 6-7. Because Plaintiffs have not and cannot show that Orgenus had any "minimum contacts" whatsoever with the State of Delaware, the exercise of personal jurisdiction over Orgenus would likewise offend the due process principles of "fair play and substantial justice." *Merck*, 179 F. Supp. 2d at 375 (citing *Helicopteros Nacionales*, 466 U.S. at 416. Accordingly, the Court should grant Orgenus's motion to dismiss for lack of personal jurisdiction.

### A.    *Plaintiffs Cannot Establish Specific Jurisdiction Over Orgenus*

Specific personal jurisdiction is lacking because the cause of action did not arise from any Orgenus activities within the State of Delaware. Subsections (c)(1) and (c)(3) of Delaware's long-arm statute provide for specific jurisdiction, under which "the cause of action must arise from the contacts with the forum." 10 Del. C. § 3104(c)(1,3); *Applied Biosystems*, 772 F. Supp. at 1466. A "jurisdictional act" is any act or omission committed by a defendant in Delaware that also causes tortious injury in Delaware, as required by Section 3104(c)(3).

Here, Plaintiffs' claim of patent infringement under 35 U.S.C. § 271(e)(2)(A) is based upon Orgenus's submission of Orchid India's memantine ANDA to the FDA. *Complaint* at ¶¶ 16, 20. Indeed, that is the "highly technical act of infringement" that forms the sole statutory

8

basis for the Plaintiffs' claim pursuant to 35 U.S.C. § 271(e)(2). *See generally Zeneca Ltd. v. Mylan Pharms., Inc.*, 173 F.3d 829, 832-33 and 835-36 (Fed. Cir. 1999). There is no accused memantine product available for sale in Delaware, or anywhere else in the United States. Therefore the proper jurisdictional analysis focuses on the facts surrounding the preparation and submission of the memantine ANDA—acts that were undertaken by Orchid India in India and Orgenus in New Jersey and Maryland. *Srinivasan Aff.* at ¶¶ 12, 14. The submission of the ANDA had *no* connection to the State of Delaware. Further, Orchid Delaware, the passive Delaware holding company that is the parent of Orgenus, was not involved in any way in the preparation or submission of the ANDA. *Id.* at ¶ 14. As a result, any substantive connection to Delaware is entirely lacking.

In addition, there has been no injury to Plaintiffs in Delaware. Delaware courts have held that "[t]he situs of the injury of patent infringement … is the place of the patent holder's residence." *Foster Wheeler Energy Corp. v. Metallgesellschaft AG*, C.A. No. 91-214-SLR, 1993 WL 669447, at *5 (D. Del. Jan. 4, 1993) (quoting *Applied Biosystems*, 772 F. Supp. at 1468). In *Foster Wheeler*, the plaintiff was a Delaware corporation with a principal place of business in New Jersey. The court found no injury (or jurisdiction) in Delaware, "since Delaware was not [plaintiff] FWEC's principal place of business or residence. Plaintiff FWEC's principal place of business is in New Jersey … and any alleged injury would occur in New Jersey and not in Delaware, the state of incorporation." *Id.*

Delaware courts have also held that the injury to a patent owner caused by patent infringement occurs within the state where the allegedly infringing sales are made. *Power Integrations, Inc. v. BCD Semiconductor Corp.*, --- F. Supp. 2d ---, C.A. No. 07-633-JJF-LPS, 2008 WL 1775415, at *20-21 (D. Del. April 11, 2008) (citing *Beverly Hills Fan Co. v. Royal*

*Sovereign Corp.*, 21 F.3d 1558, 1563 (Fed. Cir. 1994); *Commissariat A L'Energie Atomique v. Chi Mei Optoelectronics Corp.*, 395 F.3d 1315, 1318 (Fed. Cir. 2005)). In *Beverly Hills Fan*, the Federal Circuit applied the general rule that "the situs of the injury is the location … at which the infringing activity directly impacts on the interests of the patentee," in holding that the patentee was harmed at the place the infringing sales were made. 21 F.3d at 1571.

There are no sales of an infringing product in the case at hand—let alone any sales in Delaware—because the cause of action is predicated entirely on the submission of the memantine ANDA (a "highly artificial act of infringement"), ████████████████████

████████████████████

████ Accordingly, the only possible situs of injury would be where the patentee suffers harm— *i.e.*, the patentee's principal place of business. *See also MEMC Elec. Mat'ls, Inc. v. Mitsubishi Mat'ls Silicon Corp.*, 420 F.3d 1369, 1377 (Fed. Cir. 2005); *Honeywell, Inc. v. Metz Apparatewerke*, 509 F.2d 1137 (7th Cir. 1975). Here, there can be no dispute that the situs of any potential injury is outside of Delaware.

████████████████████

████████████████████

████████████████

████████████████ However, only the Merz entities are the assignees of the '703 patent, and they are both German corporations with their principal places of business in Frankfurt, Germany. *Complaint* at ¶¶ 3, 4, 12. Accordingly, any harm allegedly caused by the submission of Orchid India's memantine ANDA would be felt in Germany, not Delaware. Indeed, as a mere licensee, it is not clear that Forest US has independent standing to assert a claim under the '703 patent against a third party. *Complaint* at

¶ 13; *Textile Prods., Inc. v. Mead Corp.*, 134 F.3d 1481, 1483-84 (Fed. Cir. 1998) (finding that even an exclusive licensee is not necessarily a "patentee," and therefore may not have standing to sue third parties for patent infringement).

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

████████████████████████████ Moreover, even if Forest US did have sufficient rights in the '703 patent to possess standing, Forest US' principal place of business is in *New York*—and therefore Forest US would not suffer any injury in Delaware relating to Orgenus's alleged infringement. *Foster Wheeler*, 1993 WL 669447, at *5. Accordingly, there is no harm caused to any of the Plaintiffs in Delaware.

Plaintiffs cannot meet their burden of establishing specific personal jurisdiction over Orgenus in Delaware, as Orgenus has not purposefully availed itself of the Delaware market, no jurisdictional acts took place in Delaware relating to Plaintiffs' claims, and the Plaintiffs have suffered no injury in the State.

**B.** *Plaintiffs Cannot Establish General Jurisdiction Over Orgenus*

Similarly, no general personal jurisdiction exists over Orgenus in Delaware. The general jurisdiction provisions of the Delaware long-arm statute allow jurisdiction where tortious injury occurs (regardless of the location of such injury) by an act or omission outside the state if the person regularly does or solicits business, engages in any other persistent course of conduct in the state, or derives substantial revenue from services or things used or consumed in the state. 10

---

1  ████████████████████████████████████

████████████████████████████████████

███████████████████████

Del. C. § 3104; *Merck*, 179 F. Supp. 2d at 373. To establish general jurisdiction, Plaintiffs "must show significantly more than mere minimum contacts," demonstrating that the contacts with Delaware were "continuous and substantial." *Foster Wheeler*, 1993 WL 669447, at *3 (quoting *Provident Nat'l Bank v. California Fed. Sav. & Loan Ass'n*, 819 F.2d 434, 437 (3d Cir. 1987)); *Gehling v. St. George's Sch. of Med., Ltd.*, 773 F.2d 539, 541 (3d. Cir. 1985)). The exercise of general jurisdiction "requires a higher level of activity than the exercise of specific jurisdiction." *Foster Wheeler*, 1993 WL 669447, at *5 (quoting *U.S. v. Consol. Rail Corp.*, 674 F. Supp. 138, 145 (D. Del. 1987)); *Keeton*, 465 U.S. at 779. Thus the relevant inquiry for the purposes of this motion is whether Orgenus regularly does or solicits business, engages in any persistent conduct, or derives substantial revenue in Delaware. 10 Del. C. § 3104(c)(4); *Merck*, 179 F. Supp. 2d at 373. Orgenus has no such contacts with Delaware.

In *Merck & Co., Inc. v. Barr Labs., Inc.*, the District Court of Delaware considered whether it could assert personal jurisdiction over a New York corporation, Barr, in ANDA litigation.[2] 179 F. Supp. 2d 368. The Court concluded that general jurisdiction was not available because the totality of Barr's contacts with Delaware did not reach the level of persistence and substantiality required. *Id.* at 374. Barr did not maintain offices, facilities, local telephone listings, or bank accounts in Delaware, did not own or lease any real property or employ any persons in Delaware, and was not registered with the Secretary of State to do business in Delaware. *Id.* However, Merck argued that Barr was subject to general jurisdiction because it maintained two licenses in Delaware to distribute and sell products within the state, made yearly payments to Medicaid, sold its drugs directly to a pharmacy for retail sale in Delaware, and sold

---

[2]      In *Merck*, the plaintiff conceded that specific jurisdiction is not available in an ANDA case. 179 F. Supp. 2d at 371.

and distributed approximately $1.2 million worth of the drug Viaspan® through LHSI, its "agent." *Id.*

The Court found that Barr had only minimal contacts with Delaware and the actions of LHSI could not be attributed to Barr because the Court was not persuaded LHSI was Barr's agent. *Id.* at 373. The Court also determined that Barr itself did not derive substantial revenues within Delaware, and Barr's sales to corporations with national distribution were not relevant because the nexus was too attenuated. *Id.* The Court noted that the general jurisdiction provision of Section 3104(c)(4) did not anticipate that placing a product into the stream of commerce would give rise to general personal jurisdiction. *Id.* at 373-74; see also *Asahi Metal*, 480 U.S. at 112.

The Court's grant of defendant's motion to dismiss in *Merck* compels an identical result in this case. Orgenus is a New Jersey corporation that has no contacts with Delaware—no offices, real property, telephone listings, bank accounts, or employees. *Srinivasan Aff.* at ¶ 5. It does not sell any product in Delaware and does not solicit sales in this state. *Id.* at ¶¶ 6-7. It is not registered with the Secretary of State to do business in Delaware and is not licensed by the State of Delaware to sell drugs within the state. *Id.* at ¶ 7. Moreover, Orgenus is not an agent or alter ego of Orchid Delaware, and the presence of the latter within the state of Delaware is not sufficient to support personal jurisdiction over Orgenus. *See, e.g., Keeton*, 465 U.S. at 781 n.13; *Dutoit*, 735 F. Supp. at 171. Therefore, Plaintiffs cannot satisfy their burden of establishing general personal jurisdiction over Orgenus in Delaware.

### C.    *Exercise of Personal Jurisdiction over Orgenus in this Matter Would Violate Due Process*

The essential due process inquiry "asks whether the defendants have had sufficient minimum contacts with the forum to satisfy 'traditional notions of fair play and substantial

justice.'" *Applied Biosystems*, 772 F. Supp. at 1470 (*quoting Int'l Shoe*, 326 U.S. 310 (citation omitted)). The constitutionality of an exercise of personal jurisdiction turns on whether the defendant has "purposefully directed" its activity toward the forum state. "If so, *and* if the litigation arises out of those activities, the defendant may have established the requisite minimum contacts with the forum despite the lack of any physical contacts." *Id* (emphasis added). "For an assertion of general jurisdiction to be constitutional, the defendant must have developed 'continuous and systematic' contacts with the forum state." *Id.* (citing *Helicopteros Nacionales*, 466 U.S. at 416).

Assertion of personal jurisdiction over Orgenus by a Delaware court would be contrary to the Due Process Clause because (1) neither Orgenus nor any other Orchid entity committed any acts in Delaware related to the present cause of action; and (2) Orgenus does not have any continuous and systematic contacts with the state of Delaware. In addition, Orgenus cannot be said to have "purposefully directed" any activities towards Delaware, as it does not do any business within the state, has no employees in Delaware, and has no "continuous and systematic" contacts with the state. *Srinivasan Aff.* at ¶¶ 5-8. Moreover, it cannot be said that Orgenus has "systematic and continuous contacts" with Delaware simply because its parent, Orchid Delaware, is incorporated in the state. *See, e.g., Applied Biosystems*, 772 F. Supp. at 1469; *Keeton*, 465 U.S. at 781 n.13; *Dutoit,* 735 F. Supp. at 171. Indeed, Orchid Delaware is merely a Delaware holding company. The notion that the mere fact of being a subsidiary of a Delaware holding company would render a company subject to general jurisdiction in Delaware—*i.e.*, subject to suit for employment and contract disputes arising in Montana, for instance—would plainly offend traditional notions of due process. Accordingly, the exercise of personal jurisdiction over Orgenus in Delaware is improper for this independent reason.

14

## V.    CONCLUSION

For the reasons stated herein, Defendant Orgenus respectfully requests that the

allegations against it be dismissed for lack of personal jurisdiction.


Respectfully submitted,

OF COUNSEL:                                POTTER ANDERSON & CORROON LLP

Kenneth G. Schuler
LATHAM & WATKINS LLP                       By: */s/ Richard L. Horwitz*
Sears Tower, Suite 5800                         Richard L. Horwitz (#2246)
233 South Wacker Drive                          David E. Moore (#3983)
Chicago, IL 60606                               Hercules Plaza, 6th Floor
Tel: (312) 876-7700                             1313 N. Market Street
kenneth.schuler@lw.com                          Wilmington, Delaware 19801
                                                Tel:  (302) 984-6000
Terrence J. Connolly                            rhorwitz@potteranderson.com
LATHAM & WATKINS LLP                            dmoore@potteranderson.com
885 Third Avenue, Suite 1000
New York, NY 10022-4834                    *Attorneys for Defendant*
Tel: (212) 906-1200                        *Orgenus Pharma Inc.*
terrence.connolly@lw.com

Darryl H. Steensma
LATHAM & WATKINS LLP
12636 High Bluff Drive, Suite 300
San Diego, CA 92130
Tel: (858) 523.5400
darryl.steensma@lw.com

Dated:  June 19, 2008
Public Version Dated:  June 26, 2008
870609 / 32657

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

### CERTIFICATE OF SERVICE

I, Richard L. Horwitz, hereby certify that on June 26, 2008, the attached document was electronically filed with the Clerk of the Court using CM/ECF which will send notification to the registered attorney(s) of record that the document has been filed and is available for viewing and downloading.

I further certify that on June 26, 2008, the attached document was Electronically Mailed to the following person(s):

Jack B. Blumenfeld
Maryellen Noreika
James W. Parrett, Jr.
MORRIS, NICHOLS, ARSHT &
TUNNELL LLP
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
jblumenfeld@mnat.com
mnoreika@mnat.com
jparrett@mnat.com
*Attorneys for Plaintiffs*

John M. Desmarais
Gerald J. Flattmann, Jr.
Melanie R. Rupert
Andres Sawicki
Manuel Vélez
KIRKLAND & ELLIS, L.L.P.
Citigroup Center
153 E. 53rd Street
New York, NY 10022
jdesmarais@kirkland.com
gflattmann@kirkland.com
mrupert@kirkland.com
asawicki@kirkland.com
mvelez@kirkland.com
*Attorneys for Plaintiffs*

F. Dominic Cerrito
Daniel L. Malone
Eric C. Stops
JONES DAY
222 East 41st Street
New York, NY  10017
fdcerrito@jonesday.com
dlmalone@jonesday.com
estops@jonesday.com
*Attorneys for Plaintiffs*

Robert B. Breisblatt
Brian J. Sodikoff
Stephen P. Benson
Craig M. Kuchii
Jeremy C. Daniel
Joanna R. Stevason
KATTEN MUCHIN ROSENMAN LLP
525 West Monroe Street
Chicago, IL 60661-3693
robert.breisblatt@kattenlaw.com
stephen.benson@kattenlaw.com
craig.kuchii@kattenlaw.com
brian.sodikoff@kattenlaw.com
jeremy.daniel@kattenlaw.com
joanna.stevason@kattenlaw.com
*Attorneys for Defendants Apotex Inc. and
Apotex Corp.*

Richard K. Herrmann
Mary Matterer
Amy A. Quinlan
MORRIS JAMES LLP
500 Delaware Avenue, Suite 1500
Wilmington, DE  19899
rherrmann@morrisjames.com
mmatterer@morrisjames.com
aquinlan@morrisjames.com
*Attorneys for Defendant
Cobalt Laboratories, Inc.*

William A. Rakoczy
Paul J. Molino
Deanne M. Mazzochi
Neil A. Benchell
John Polivick
RAKOCZY MOLINO MAZZOCHI SIWIK
LLP
6 West Hubbard Street, Suite 500
Chicago, IL  60610
wrakoczy@rmmslegal.com
pmolino@rmmslegal.com
dmazzochi@rmmslegal.com
nbenchell@rmmslegal.com
jpolivick@rmmslegal.com
*Attorneys for Defendant Cobalt
Laboratories, Inc.*

Louis H. Weinstein
Bruce D. Radin
BUDD LARNER, P.C.
150 John F. Kennedy Parkway
Short Hills, NJ  07078-2703
lweinstein@budd-larner.com
bradin@budd-larner.com
*Attorneys for Defendants Dr. Reddy's
Laboratories, Inc., Dr. Reddy's
Laboratories Ltd., Interpharm Holdings,
Inc., and Interpharm, Inc.*

Ron E. Shulman
Terry Kearney
WILSON SONSINI GOODRICH & ROSATI
650 Page Mill Road
Palo Alto, CA  94394-1050
rshulman@wsgr.com
tkearney@wsgr.com
*Attorneys for Defendants Genpharm ULC,
Genpharm, L.P., and Mylan Pharmaceuticals
Inc.*

Roger J. Chin
WILSON SONSINI GOODRICH & ROSATI
One Market Street
Spear Tower, Suite 3300
San Francisco, CA 94105
rchin@wsgr.com
*Attorneys for Defendants Genpharm ULC,*
*Genpharm, L.P., and Mylan Pharmaceuticals*
*Inc.*

Richard D. Kirk
Ashley B. Stitzer
BAYARD, P.A.
222 Delaware Ave., Suite 900
Wilmington, DE 19899
rkirk@bayardfirm.com
astitzer@bayardfirm.com
*Attorneys for Defendants Lupin*
*Pharmaceuticals, Inc. and Lupin Ltd.*

Douglass C. Hochstetler
Sailesh K. Patel
SCHIFF HARDIN LLP
6600 Sears Tower
Chicago, IL 60606
dhochstetler@schiffhardin.com
spatel@schiffhardin.com
*Attorneys for Defendants Lupin*
*Pharmaceuticals, Inc. and Lupin Ltd.*

D. Christopher Ohly
SCHIFF HARDIN LLP
1666 K. Street, N.W., Suite 300
Washington, D.C. 20036
dcohly@schiffhardin.com
*Attorneys for Defendants Lupin*
*Pharmaceuticals, Inc. and Lupin Ltd.*

Kenneth G. Schuler
LATHAM & WATKINS LLP
Sears Tower, Suite 5800
Chicago, IL 60606
kenneth.schuler@lw.com
*Attorneys for Defendants Orchid*
*Pharmaceuticals Inc., Orchid Chemicals &*
*Pharmaceuticals Ltd.*

Terrence J. Connolly
LATHAM & WATKINS LLP
885 Third Avenue, Suite 1000
New York, NY 10022-4834
terrence.connolly@lw.com
*Attorneys for Defendants Orchid*
*Pharmaceuticals Inc., Orchid Chemicals &*
*Pharmaceuticals Ltd.*

Darryl H. Steensma
Amy P. Noss
LATHAM & WATKINS LLP
12636 High Bluff Drive, Suite 400
San Diego, CA 92130
darryl.steensma@lw.com
amy.noss@lw.com
*Attorneys for Defendants Orchid*
*Pharmaceuticals Inc., Orchid Chemicals &*
*Pharmaceuticals Ltd.*

Thomas J. Meloro
Eugene L. Chang
Colman B. Ragan
WILLKIE FARR & GALLAGHER LLP
787 Seventh Avenue
New York, N.Y. 10019-6099
tmeloro@willkie.com
echang@willkie.com
cragan@willkie.com
*Attorneys for Defendants PLIVA d.d., PLIVA-*
*Hrvatska d.o.o., Barr Laboratories, Inc. and*
*Barr Pharmaceuticals, Inc.*

Kevin G. Abrams
John M. Seaman
ABRAMS & LASTER LLP
20 Montchanin Road, Suite 200
Wilmington, DE 19807
Abrams@abramslaster.com
Seaman@abramslaster.com
*Attorneys for Defendant*
*Sun Pharmaceutical Industries Ltd.*

Charles B. Klein
Jay L. Levine
Jovial Wong
WINSTON & STRAWN LLP
1700 K Street, N.W.
Washington, D.C. 20006-3817
cklein@winston.com
jlevine@winston.com
jwong@winston.com
*Attorneys for Defendant*
*Sun Pharmaceutical Industries Ltd.*

Joseph Grey
Thomas G. Whalen, Jr.
STEVENS & LEE, P.C.
1105 North Market Street, 7th Floor
Wilmington, DE 19801
jg@stevenslee.com
tgw@stevenslee.com
*Attorneys for Defendant*
*Teva Pharmaceuticals USA, Inc.*

Steven J. Lee
Sheila Mortazavi
Merri C. Moken
Peter L. Giunta
KENYON & KENYON LLP
One Broadway
New York, NY 10004
slee@kenyon.com
smortazavi@kenyon.com
mmoken@kenyon.com
pgiunta@kenyon.com
*Attorneys for Defendant*
*Teva Pharmaceuticals USA, Inc.*

Michael M. Shen
KENYON & KENYON LLP
1500 K Street, NW
Washington, DC 2005-1257
mshen@kenyon.com
*Attorneys for Defendant*
*Teva Pharmaceuticals USA, Inc.*

Frederick Cottrell
Anne Shea Gaza
RICHARDS, LAYTON & FINGER
One Rodney Square
920 N. King Street
Wilmington, DE 19899
cottrell@rlf.com
agaza@rlf.com
*Attorneys for Defendant*
*Upsher-Smith Laboratories Inc.*

David E. Marder
Yixin H. Tang
ROBINS, KAPLAN, MILLER & CIRESI
L.L.P.
Prudential Tower, 25th Floor
800 Boylston Street
Boston, MA  02199
demarder@rkmc.com
yhtang@rkmc.com
*Attorneys for Defendant*
*Upsher-Smith Laboratories Inc.*

Jake M. Holdreith
ROBINS, KAPLAN, MILLER & CIRESI
L.L.P.
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN  55402
jmholdreith@rkmc.com
*Attorneys for Defendant*
*Upsher-Smith Laboratories Inc.*

Jeffrey L. Moyer
Kelly E. Farnan
RICHARDS, LAYTON & FINGER
One Rodney Square
920 N. King Street
Wilmington, DE  19899
Moyer@rlf.com
Farnan@rlf.com
*Attorneys for Defendants Wockhardt USA*
*Inc. and Wockhardt Limited*

Mark Boland
Michael R. Dzqonczyk
SUGHRUE MION, PLLC
2100 Pennsylvania Avenue, N.W.
Washington, DC  20037
mboland@sughrue.com
mdzwonczyk@sughrue.com
*Attorneys for Defendants Wockhardt USA*
*Inc. and Wockhardt Limited*

*/s/ Richard L. Horwitz*
Richard L. Horwitz
David E. Moore
Potter Anderson & Corroon LLP
Hercules Plaza – Sixth Floor
1313 North Market Street
P.O. Box 951
Wilmington, DE  19899-0951
(302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

869316 / 32657 (Cons.)