**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| FOREST LABORATORIES, INC., ET AL., <br><br>  Plaintiffs, <br><br> vs. <br><br> COBALT LABORATORIES, INC., ET AL., <br><br>  Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |
| FOREST LABORATORIES, INC., ET AL., <br><br>  Plaintiffs, <br><br> vs. <br><br> BARR LABORATORIES, INC., ET AL., <br><br>  Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |
| FOREST LABORATORIES, INC., ET AL., <br><br>  Plaintiffs, <br><br> vs. <br><br> DR. REDDY'S LABORATORIES, INC., ET AL., <br><br>  Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |
| FOREST LABORATORIES, INC., ET AL., <br><br>  Plaintiffs, <br><br> vs. <br><br> ORGENUS PHARMA, INC., <br><br>  Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |
| FOREST LABORATORIES, INC., ET AL., <br><br>  Plaintiffs, <br><br> vs. <br><br> APOTEX, INC., ET AL., <br><br>  Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

C.A. No. 08-21 (GMS) (LPS)
(Consolidated)

**REDACTED -
PUBLIC VERSION**

## PLAINTIFFS' CONTINGENT CROSS-MOTION TO TRANSFER THEIR CLAIMS AGAINST DEFENDANT ORGENUS

Pursuant to 28 U.S.C. § 1406(a), in the event that the Court concludes that it does not have personal jurisdiction over Orgenus Pharma, Inc. ("Orgenus") in this case, Plaintiffs move for a transfer of their action against Orgenus to the United States District Court for the District of New Jersey. The grounds for this motion are as follows:

### MEMORANDUM OF LAW

Plaintiffs have made a *prima facie* case that exercising personal jurisdiction in this case over Orgenus is consistent with Delaware's long-arm statute and the Due Process Clause.[1] Should this Court decline to exercise jurisdiction over Orgenus, however, Plaintiffs respectfully request that their action against Orgenus be transferred to the District of New Jersey. A court may, in the interest of justice, transfer a case to any district "in which [the case] could have been brought," 28 U.S.C. § 1406(a), and this Court routinely does so. *See, e.g., Stein v. Chemtex Int'l, Inc.*, No. 04-001-SLR, 2004 WL 722252, at *3 (D. Del. 2004); *FS Photo, Inc. v. PictureVision, Inc.*, 48 F. Supp. 2d 442, 450 (D. Del. 1999) (transferring case under § 1406(a) because there was no suggestion that the plaintiff brought the case in Delaware for an improper purpose).

As required by § 1406(a), Plaintiffs' action against Orgenus could have been brought in the District of New Jersey. Orgenus is a New Jersey corporation with a principal place of business in that state (Pls.' Opp., Ex. 3 at OCP_00000792-93), so it is clearly subject to personal jurisdiction there. Moreover, Orgenus already acknowledged in its motion to dismiss

---

[1] *See* Plaintiffs' Answering Brief in Opposition to Defendant Orgenus' Motion to Dismiss for Lack of Personal Jurisdiction ("Pls.' Opp."), submitted concurrently herewith.

that it would be amenable to personal jurisdiction in New Jersey: "[B]oth Orchid India and Orgenus are subject to suit in New Jersey . . . ." (D.I. 89 at 1.)

To transfer Plaintiffs' claims against Orgenus, this Court need not transfer the entire case against all Defendants to the District of New Jersey.[2] The Third Circuit has emphasized that a district court can sever claims against a given defendant for purposes of transfer:

> In the situation where venue is proper for one defendant but not for another and dismissal is inappropriate, *the district court has a choice*. One option is to transfer the entire case to another district that is proper for both defendants. *Another alternative is to sever the claims*, retaining jurisdiction over one defendant and transferring the case as to the other defendant to an appropriate district.

*Cottman Transmission Sys., Inc. v. Martino*, 36 F.3d 291, 296 (3d Cir. 1994) (emphasis added); *see also Rappoport v. Steven Spielberg, Inc.*, 16 F. Supp. 2d 481, 496 (D.N.J. 1998) ("In situations where the claims against one or more defendants are severed because of improper venue, a district court may then transfer the severed claims to another district pursuant to § 1404 or § 1406(a)."). It is precisely such severance and transfer that Plaintiffs seek here, in the event that the Court declines to exercise personal jurisdiction over Orgenus.

The second requirement of § 1406(a) – that a transfer "be in the interest of justice" – is also met here. Should this Court decline to exercise jurisdiction over Orgenus, a transfer of Plaintiffs' claims against Orgenus to New Jersey is in the interest of justice – especially if Plaintiffs' claims against Orchid Chemicals & Pharmaceuticals, Ltd. ("Orchid

---

[2] Plaintiffs' Complaint against Orgenus was filed on May 16, 2008 (D.I. 1 of -291), but later consolidated by the Court with Plaintiffs' other pending claims against other Defendants for infringement of the patent-in-suit (D.I. 91).

3

India") are transferred there. (D.I. 99.) Plaintiffs' claims against Orchid India and Orgenus arise from the filing of the same ANDA (ANDA No. 90-044) and should be tried in the same forum for purposes of judicial efficiency and consistency of judgments.

Notably, Orchid India did not identify Orgenus as its U.S. regulatory agent for this ANDA until March 3, 2008 (*see* D.I. 146 at 6-9), when Orchid India filed a motion to dismiss for lack of personal jurisdiction (D.I. 43 & 44). By that time, Plaintiffs had already filed suit in Delaware against twenty-three other Defendants, including Orchid India and its wholly-owned subsidiary, Orchid Pharmaceuticals, Inc. ("Orchid Pharma").[3] Plaintiffs thus chose to sue Orgenus in the same forum. If, however, Plaintiffs' claims against Orchid India are transferred to the District of New Jersey, Plaintiffs' claims against Orgenus should be transferred there as well.

## CONCLUSION

For these reasons, if the Court finds that it cannot exercise personal jurisdiction over Orgenus, it should transfer Plaintiffs' action against Orgenus to the District of New Jersey.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Maryellen Noreika*

Jack B. Blumenfeld (#1014)
Maryellen Noreika (#3208)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
(302) 658-9200
jblumenfeld@mnat.com
mnoreika@mnat.com

*Attorneys for Plaintiffs*

---

[3] [redacted]

4

*Of Counsel:*

John Desmarais
Gerald J. Flattmann, Jr.
Melanie R. Rupert
KIRKLAND & ELLIS LLP
Citigroup Center
153 East 53rd Street
New York, NY 10022
(212) 446-4800

F. Dominic Cerrito
Daniel L. Malone
Eric C. Stops
JONES DAY
222 East 41st Street
New York, NY 10017
(212) 326-3939

August 22, 2008 - Original Filing Date
August 28, 2008 - Redacted Filing Date

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 28, 2008 I electronically filed the foregoing with the Clerk of the Court using CM/ECF, which will send notification of such filing to:.

>Mary B. Matterer, Esquire
>MORRIS JAMES LLP
>
>Frederick L. Cottrell, III, Esquire
>Anne Shea Gaza, Esquire
>Kelly E. Farnan, Esquire
>RICHARDS, LAYTON & FINGER, P.A.
>
>Richard L. Horwitz, Esquire
>David E. Moore, Esquire
>POTTER ANDERSON & CORROON LLP
>
>Richard D. Kirk, Esquire
>Ashley B. Stitzer, Esquire
>BAYARD, P.A.
>
>Joseph Grey, Esquire
>Thomas G. Whalen, Jr., Esquire
>STEVENS & LEE, P.C.
>
>John M. Seaman, Esquire
>Kevin G. Abrams, Esquire
>ABRAMS & LASTER LLP

I further certify that I caused to be served copies of the foregoing document on August 21, 2008 upon the following in the manner indicated:

Mary B. Matterer, Esquire　　　　　　　　　　　　　　　　　　　　*VIA ELECTRONIC MAIL*
MORRIS JAMES LLP
500 Delaware Avenue
Suite 1500
Wilmington, DE  19801
*Counsel for Cobalt Laboratories Inc.*

William A. Rakoczy, Esquire                                          *VIA ELECTRONIC MAIL*
Paul J. Molino, Esquire
Deanne M. Mazzochi, Esquire
Neil A. Benchell, Esquire
John Polivick, Esquire
RAKOCZY MOLINO MAZZOCHI SIWIK LLP
6 West Hubbard Street
Suite 500
Chicago, IL  60610
*Counsel for Cobalt Laboratories Inc.*

Kelly E. Farnan, Esquire                                             *VIA ELECTRONIC MAIL*
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
920 North King Street
Wilmington, DE  19801
*Counsel for Wockhardt USA Inc. and*
*Wockhardt Limited*

Michael Dzwonczyk, Esquire                                           *VIA ELECTRONIC MAIL*
Mark Boland, Esquire
Chid Iyer, Esquire
SUGHRUE MION, PLLC
2100 Pennsylvania Avenue, N.W.
Washington, DC  23307
*Counsel for Wockhardt USA Inc. and*
*Wockhardt Limited*

Frederick L. Cottrell, III, Esquire                                  *VIA ELECTRONIC MAIL*
Anne Shea Gaza, Esquire
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
920 North King Street
Wilmington, DE  19801
*Counsel for Upsher-Smith Laboratories Inc.*

David E. Marder, Esquire                                             *VIA ELECTRONIC MAIL*
Jake M. Holdreith, Esquire
Yixin H. Tang, Esquire
ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
Prudential Tower, 25th Floor
800 Boylston Street
Boston, MA  02199
*Counsel for Upsher-Smith Laboratories Inc.*

| | |
|---|---|
| Richard L. Horwitz, Esquire<br>David E. Moore, Esquire<br>POTTER ANDERSON & CORROON LLP<br>1313 North Market Street – 6th Floor<br>Wilmington, DE 19801<br>*Counsel for Orchid Pharmaceuticals Inc., Orchid Chemicals & Pharmaceuticals Ltd (d/b/a Orchid Healthcare), PLIVA d.d., PLIVA-Hrvatska d.o.o., Barr Laboratories, Inc., Barr Pharmaceuticals, Inc., Interpharm Holdings, Inc., Interpharm, Inc., Dr. Reddy's Laboratories, Inc., Dr. Reddy's Laboratories Limited, Orgenus Pharma Inc., Genpharm Inc., Genpharm, L.P., Mylan Pharmaceuticals Inc., Apotex Inc. and Apotex Corp* | *VIA ELECTRONIC MAIL* |
| Kenneth G. Schuler, Esquire<br>LATHAM & WATKINS LLP<br>Sears Tower – Suite 5800<br>233 South Wacker Drive<br>Chicago, IL 60606<br>*Counsel for Orchid Pharmaceuticals Inc., Orchid Chemicals & Pharmaceuticals Ltd (d/b/a Orchid Healthcare) and Orgenus Pharma Inc.* | *VIA ELECTRONIC MAIL* |
| Terrence J. Connolly, Esquire<br>LATHAM & WATKINS LLP<br>885 Third Avenue – Suite 1000<br>New York, NY 10022-4834<br>*Counsel for Orchid Pharmaceuticals Inc., Orchid Chemicals & Pharmaceuticals Ltd (d/b/a Orchid Healthcare) and Orgenus Pharma Inc.* | *VIA ELECTRONIC MAIL* |
| Darryl H. Steensma, Esquire<br>LATHAM & WATKINS LLP<br>12636 High Bluff Drive – Suite 300<br>San Diego, CA 92130<br>*Counsel for Orchid Pharmaceuticals Inc., Orchid Chemicals & Pharmaceuticals Ltd (d/b/a Orchid Healthcare) and Orgenus Pharma Inc.* | *VIA ELECTRONIC MAIL* |

Richard D. Kirk, Esquire                                                                         VIA ELECTRONIC MAIL
Ashley B. Stitzer, Esquire
BAYARD, P.A.
222 Delaware Avenue
Suite 900
Wilmington, DE  19801
*Counsel for Lupin Pharmaceuticals USA, Inc.*
*and Lupin, Ltd.*

Douglass C. Hochstetler, Esquire                                                         VIA ELECTRONIC MAIL
D. Christopher Ohly, Esquire
Sailesh K. Patel, Esquire
SCHIFF HARDIN LLP
6600 Sears Tower
Chicago, IL  60606
*Counsel for Lupin Pharmaceuticals USA, Inc.*
*and Lupin, Ltd.*

Joseph Grey, Esquire                                                                              VIA ELECTRONIC MAIL
Thomas G. Whalen, Jr., Esquire
STEVENS & LEE, P.C.
1105 North Market Street
7th Floor
Wilmington, DE  19801
*Counsel for Teva Pharmaceuticals USA, Inc.*

Steven J. Lee, Esquire                                                                            VIA ELECTRONIC MAIL
Sheila Mortazavi, Esquire
KENYON & KENYON LLP
One Broadway
New York, NY  10004
*Counsel for Teva Pharmaceuticals USA, Inc.*

Thomas J. Meloro, Esquire                                                                    VIA ELECTRONIC MAIL
Eugene L. Chang, Esquire
Coleman B. Ragan, Esquire
WILLKIE FARR & GALLAGHER LLP
787 Seventh Avenue
New York, NY  10019-6099
*Counsel for PLIVA d.d., PLIVA-Hrvatska*
*d.o.o., Barr Laboratories, Inc. and Barr*
*Pharmaceuticals, Inc.*

Louis H. Weinstein, Esquire  *VIA ELECTRONIC MAIL*
Bruce D. Radin, Esquire
BUDD LARNER, P.C.
150 John F. Kennedy Parkway
Short Hills, NJ  07078-2703
*Attorney for Interpharm Holdings, Inc.,
Interpharm, Inc., Dr. Reddy's Laboratories,
Inc. and Dr. Reddy's Laboratories Limited*

John M. Seaman, Esquire  *VIA ELECTRONIC MAIL*
Kevin G. Abrams, Esquire
ABRAMS & LASTER LLP
20 Montchanin Road, Suite 200
Wilmington, DE  19807
*Attorneys for Sun India Pharmaceutical
Industries Limited (a/k/a Sun Pharmaceutical
Industries Limited)*

James F. Hurst, Esquire  *VIA ELECTRONIC MAIL*
Charles B. Klein, Esquire
Jay L. Levine, Esquire
WINSTON & STRAWN LLP
35 West Wacker Drive
Chicago, IL  60601
*Attorneys for Sun India Pharmaceutical
Industries Limited (a/k/a Sun Pharmaceutical
Industries Limited)*

Ron E. Shulman, Esquire  *VIA ELECTRONIC MAIL*
Terry Kearney, Esquire
Roger J. Chin, Esquire
WILSON SONSINI GOODRICH & ROSATI
650 Page Mill Road
Palo Alto, CA  94304
*Attorneys Genpharm Inc., Genpharm, L.P. and
Mylan Pharmaceuticals Inc.*

Robert B. Breisblatt, Esquire                                                      *VIA ELECTRONIC MAIL*
Stephen P. Benson, Esquire
Craig M. Kuchii, Esquire
Brain J. Sodikoff, Esquire
Jeremy C. Daniel, Esquire
Joanna R. Stevason
KATTEN MUCHIN ROSENMAN LLP
525 W. Monroe Street
Chicago, IL  60661
*Attorneys for Apotex Inc. and Apotex Corp*

                                                      */s/  Maryellen Noreika*
                                                      Maryellen Noreika (#3208)