IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| FOREST LABORATORIES INC., *et al.* | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | C.A. No. 08-21-GMS-LPS |
| | ) | CONSOLIDATED |
| COBALT LABORATORIES INC., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM**

**I.  INTRODUCTION**

On January 11, 2008, the plaintiffs filed this consolidated action for patent infringement against multiple defendants.[1] (D.I. 1.) Presently before the court are the defendants' Objections to U.S. Magistrate Judge Stark's Report and Recommendation regarding pending motions in this action (the " defendants' objections").[2] (D.I. 270.) For the reasons that follow, the court will overrule the defendants' objections, and adopt the disposition of the pending motions in this case, as recommended by the magistrate judge in the March 9, 2009 Report and Recommendation.

---

[1] This consolidated ANDA action consists of C.A. Nos. 08-21, 08-22, 08-52, and 08-291 (collectively referred to as the "consolidated action" or the "action"). (D.I. 76.) The plaintiffs in this action are: Merz Pharma GmbH & Co. KgaA, Merz Pharmaceuticals GmbH, Forest Laboratories, Inc., and Forest Laboratories Holdings, Ltd. (collectively, the "plaintiffs"). The defendants in this action include, among others, the following parties: Orchid Chemicals & Pharmaceuticals Ltd. ("Orchid India"), Orchid Pharmaceuticals, Inc. ("Orchid Pharma"), and Orgenus Pharma, Inc. ("Orgenus"). Defendants Orchid India and Orgenus are referred to hereinafter, collectively, in this memorandum as the "defendants."

[2] Pursuant to 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 72(b)(1), and D. Del. LR 72.1, on March 9, 2009, Magistrate Judge Stark issued a report and recommendation addressing the defendants' motions to dismiss for lack of personal jurisdiction and the plaintiffs' motions to transfer (the "Report and Recommendation"). (D.I. 264.) *See Forest Laboratories, Inc., v. Cobalt Laboratories, Inc.*, No. 08-21-GMS-LPS, 2009 WL 605745 (D. Del. Mar. 9, 2009)).

## II. BACKGROUND

In their complaint, the plaintiffs assert a number of claims against the defendants for infringement of U.S. Patent No. 5,061,763 (the "'703 Patent").[3] (D.I. 1 at 9.) On March 3, 2008, Orchid India filed a motion to dismiss this action for lack of personal jurisdiction. (D.I. 43.) Similarly, on June 19, 2008, Orgenus filed its motion to dismiss for lack of personal jurisdiction in this action. (D.I. 87.) In their opposition to these motions, the plaintiffs argued that this court does have personal jurisdiction over these defendants, and that the motions to dismiss should be denied. (D.I. 100, 152.) Alternatively, the plaintiffs argued that, should this court find personal jurisdiction lacking, rather than dismissing the case, the court should transfer this case to the U.S. District Court for the District of New Jersey. (D.I. 100 at 32; D.I. 153.)

On March 20, 2008, this case was referred to Magistrate Judge Stark. (D.I. 55.) On March 9, 2009, the magistrate judge issued the Report and Recommendation recommending that the defendants' motions to dismiss be denied, and that the plaintiffs' motion to transfer be granted. (D.I. 264.) Although the magistrate judge found that the court lacked personal jurisdiction over the defendants, the magistrate judge also found that dismissal was "inappropriate," and that this case should be transferred to the District of New Jersey. (*Id.* at 2.) Accordingly, the magistrate judge recommended that the plaintiffs' motions to transfer be granted, and that the defendants' motions to dismiss be denied as moot. (*Id.*)

On March 23, 2009, the defendants filed their objections to the Report and Recommendation.

---

[3] The '703 Patent is a drug patent that addresses "Adamantine Derivatives in the Prevention and Treatment of Cerebral Ischemia." (D.I. 264 at 3.)

2

(D.I. 270.) Specifically, the defendants object to the recommendation that this action be transferred to D.N.J., rather than dismissed. (*Id.* at 1.) They contend that the magistrate judge's recommendation suggests the "wrong remedy" and is incorrect for several reasons. (*Id.* at 1.) First, the defendants contend that the magistrate judge erred in concluding that this action "could have been brought in New Jersey." (*Id.* at 2.) Second, they contend that the magistrate judge erred in concluding that transfer of this case would be in the "interest of justice." Lastly, the defendants contend that the magistrate judge erred by failing to provide support or "cite to any evidence" for its recommendation to transfer the case against Orgenus. (D.I. 270 at 10.) Based on these objections, the defendants' argue that the court should dismiss Orchid India and Orgenus from this action. (*Id.* at 1.)

## III. STANDARD OF REVIEW

When reviewing the decision of a magistrate judge on a dispositive matter, the court conducts a *de novo* review. 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b)(3). A motion to dismiss is a dispositive matter. *Id.* The court may accept, reject, or modify the recommendations of the magistrate judge. The court may also choose to receive further evidence or to return the matter to the magistrate judge with instructions. Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(C) (2008). Accordingly, to resolve a party's properly raised objections to a magistrate judge's report and recommendation, the court must determine *de novo* the parts of the magistrate judge's disposition to which the party has objected. *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(C) (2008). Conversely, the court reviews the parts of the magistrate judge's disposition to which there are no objections for clear error on the face of the record. *See* Fed. R. Civ. P. 72(b) 1983 Advisory Committee Notes.

## IV. DISCUSSION

Here, after having considered the record in this case, the Report and Recommendation, the parties' submissions, and the applicable law, the court concludes that Magistrate Judge Stark committed no legal error in reaching the decision in this case. Specifically, the magistrate judge correctly determined that the plaintiffs' motions to transfer should be granted, and that the defendants' motions to dismiss should be denied as moot. In reviewing the Report and Recommendation, the court detects no error in the magistrate judge's factual determinations, nor in the legal conclusions reached in this case. In addition, the court is not persuaded by the arguments raised in the defendants' objections to the Report and Recommendation. The court will, therefore, overrule the defendants' objections, and adopt the disposition of the pending motions in this case, as recommended by the magistrate judge in the March 9, 2009 Report and Recommendation.

### A. The Magistrate Judge's Finding that this Action "Could Have Been Brought" in the District of New Jersey

The defendants object to the magistrate judge's finding that this action could have been brought in the District of New Jersey. Specifically, they contend that this finding is incorrect, and that transfer is inappropriate because, among other things: (1) Orchid Pharma is not subject to jurisdiction in New Jersey and (2) the plaintiffs' willingness to dismiss Orchid Pharma, in order to transfer this action to New Jersey, does not satisfy the requirement that this action "could have been brought [in New Jersey] at the time it was filed."[4] The court, however, disagrees.

---

[4] 28 U.S.C. §§ 1406(a) provides:

> The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or *if it be in the interest of justice*, transfer such case to any district or division in which it *could have been brought*.

4

The magistrate judge correctly concluded that the plaintiffs' carried their burden of demonstrating that the action could have been brought in the District of New Jersey. In reaching this conclusion, the magistrate judge properly determined that the "defendants admit that personal jurisdiction is proper in New Jersey over Orgenus and Orchid India" (D.I. 264 at 24); and that this admission is sufficient to show that this action could have been brought against these two defendants in that district. Additionally, the magistrate judge properly determined that the claims against Orchid Pharma could be dismissed from this action, and that this case could be transferred to D.N.J., in part, because the remaining claims against Orchid India and Orgenus could have been brought in New Jersey at the time suit was filed. *Cf. Cottman Transmission Sys., Inc. v. Martino*, 36 F.3d 291, 296 (3d Cir. 1994) (providing that where personal jurisdiction exists over some, but not all, of the defendants in an action, a district court may "sever the claims, retaining jurisdiction over one defendant and transferring the case as to the other defendant to an appropriate district.") Furthermore, as the plaintiffs correctly note, there is no requirement that in order for a case to be transferred each defendant named in the complaint must be subject to personal jurisdiction in the transferee court. *See* 28 U.S.C. §§ 1406(a) and 1631. The court will, therefore, overrule the

---

28 U.S.C. § 1406(a) (emphasis added).

    In relevant part, 28 U.S.C. § 1631 provides:

> Whenever a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court shall, *if it is in the interest of justice*, transfer such action or appeal to any other such court in which the action or appeal *could have been brought at the time it was filed.*

28 U.S.C. § 1631 (emphasis added).

defendants' objections in this regard.

### B. The Magistrate Judge's Finding that the "Interests Of Justice" Favor Transfer Rather than Dismissal

The defendants also object to the magistrate judge's finding that the "interests of justice" favor transfer as opposed to dismissal.[5] The court, again, disagrees. First, the magistrate judge properly concluded that the plaintiffs acted in good faith in filing suit in the District of Delaware. (D.I. 264 at 25.) In reaching this conclusion, the magistrate judge noted that, among other things, the plaintiffs reasonably relied on Orchid India's 2004 Annual Statement when they decided to file suit in the District of Delaware. (*Id.* at 25.) The magistrate judge also aptly noted that the defendants failed to respond to the plaintiffs' requests for information or provide information specifying the defendants' agent for service of process in the United States. (*Id.*)

In addition, in the Report and Recommendation, the magistrate judge correctly pointed out that, under the applicable law, when a party seeking transfer mistakenly, and in good faith, believes venue is proper, the interest of justice supports transfer rather than dismissal. (*Id.* at 28) (citing cases). Likewise, the magistrate judge correctly determined that, in filing suit in this district, the plaintiffs' actions were objectively reasonable under the circumstances, and did not amount to "obvious error" or "elementary mistakes." *Compare Nichols v. G.D. Searle & Co.*, 991 F.2d 1195, 1200-02 (4th Cir. 1993) (denying transfer because the plaintiff's attorney had made an "obvious error"); *Cote v. Wadel*, 796 F.2d 981, 985 (7th Cir. 1986) (denying motion for transfer because counsel made an "elementary mistake by filing in the wrong district").

---

[5] *See McCook Metals LLC v. Alcoa, Inc.*, 249 F.3d 330, 334 (4th Cir. 2001) (noting that the party seeking transfer must also demonstrate that transfer would be "in the interest of justice").

Moreover, the magistrate judge also correctly found that the interests of justice favor transfer because of the potential impact dismissal might have on the other defendants. (D.I. 264 at 27.) In making this finding, the magistrate judge noted that dismissal would "unfairly prejudice" not just the plaintiffs, but also the other defendants in this case. (*Id.* at 28.) Specifically, the magistrate judge correctly determined that, as to the plaintiffs, "dismissal followed by initiation of a new suit in the District of New Jersey would come too late to give Plaintiffs the benefit of Hatch-Waxman's automatic thirty-month stay of FDA approval of Orchid India's memantine ANDA." (*Id.* at 27.) Likewise, as to the defendants, the magistrate judge noted the risk that Orchid India's ANDA could be approved out of turn, *i.e.*, prior to ANDAs filed earlier by other defendants. (*Id.* at 28.) Because granting the defendants' motion to dismiss could potentially jeopardize the substantive rights of both the plaintiffs and other defendants, the magistrate judge correctly concluded that the interests of justice favor transfer as opposed to dismissal. The court, therefore, overrules the defendants' objections in this regard.

C. **The Magistrate Judge's Recommendation to Transfer the Case Against Orgenus**

Finally, the court is not persuaded by the defendants' contention that the magistrate judge erred by failing to provide support or "cite to any evidence" for its recommendation to transfer the case against Orgenus. (D.I. 270 at 10.) To the contrary, the Report and Recommendation reflects that the magistrate judge properly and thoroughly analyzed the record evidence in applying the two-step process for determining whether transfer was appropriate. As discussed above, the magistrate judge correctly determined that the record evidence demonstrates that the suit against Orgenus could have been brought in New Jersey and that the interest of justice favors transfer. The court finds that

the defendants' motion in this regard is without merit. The defendants' objections are, therefore, overruled.

## V. CONCLUSION

For the reasons stated above, the court will overrule the plaintiffs' objections, and adopt the disposition of the pending motions in this case, as recommended by the magistrate judge in his Report and Recommendation.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| FOREST LABORATORIES INC., *et al.* ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No. 08-21-GMS-LPS |
| ) | |
| COBALT LABORATORIES INC., *et al.*, ) | |
| ) | |
| Defendants. ) | |

## ORDER

For the reasons stated in the court's Memorandum of this same date, IT IS HEREBY ORDERED that:

1. The defendants' Objections to Magistrate Judge Stark's Report and Recommendation (D.I. 270) are OVERRULED;

2. Magistrate Judge Stark's March 9, 2009 Report and Recommendation (D.I. 264) is ADOPTED;

3. The defendants' motions to dismiss (D.I. 43; D.I. 87) are DENIED AS MOOT;[6] and

4. The plaintiffs' motions to transfer the causes of action as to Orchid India and Orgenus (D.I. 99; D.I. 153) are GRANTED.

Dated: August 27, 2009

CHIEF, UNITED STATES DISTRICT JUDGE

---

[6] As recommended in the Report and Recommendation, however, the action against defendant Orchid Pharma is DISMISSED. (D.I. 264 at 24.)